A98A2298, A98A2299. TURNER v. STATE OF GEORGIA
(two cases).
(508 SE2d 223)

ELDRIDGE, Judge.

Wesley Turner appeals a Cobb County Superior Court's order granting the State's complaint for forfeiture pursuant to OCGA § 16-13-49.[1] He does not challenge the merits of the trial court's determination as to forfeiture. Instead, Turner's sole contention is that the trial court erred in granting the forfeiture because the forfeiture hearing was held outside the 60-day mandatory time period required by OCGA § 16-13-49 (o) (5).

OCGA § 16-13-49 (o) (5) provides, in relevant part, that, "[i]f an answer is filed, a [forfeiture] hearing must be held within 60 days after service of the complaint unless continued for good cause." *State v. Henderson*, 263 Ga. 508, 509 (436 SE2d 209) (1993). The purpose of the statute's mandatory time requirement is "to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights. [Cits.]" Id. at 511. It is a requirement for the benefit and protection of property owners, such as Turner. Id. As such, the respondent/property owner in a forfeiture action may waive such requirement by seeking a continuance. Id. at 511, n. 7.

Herein, the service of the complaint was on Friday, September 12, 1997.[2] Thus, the 60-day time period required by the statute would

---

[1] Case No. A98A2298 appeals the trial court's order of forfeiture as to $3,800 in U. S. currency; Case No. A98A2299 appeals the trial court's order of forfeiture as to one nine-millimeter rifle, one .357 caliber rifle, and one knife.

[2] Appellant contends that he was served the complaint on September 17, 1997. However, that was the date on which the return was filed with the clerk of court. The service of the complaint on Turner was accomplished on September 12, 1997. Under the terms of the

conclude on Wednesday, November 11, 1997.[3] In compliance with the statute, a rule nisi was issued which set the forfeiture hearing date for Monday, October 27, 1997, 17 days before the running of the 60-day time period.

At the October 27, 1997 forfeiture hearing, *Turner requested a continuance*, and at the agreement of all parties, a second hearing date was set for Monday, November 17, 1997, well outside the 60-day time period required by OCGA § 16-13-49 (o) (5). *Held*:

We find that since Turner, himself, sought to continue the forfeiture hearing to a date outside the requisite 60-day statutory time period for conducting such hearing, he waived the requirement, which was for his own protection. Turner "cannot complain of a result his own procedure or conduct aided in causing." (Citations and punctuation omitted.) *Glover v. State*, 230 Ga. App. 795, 797 (498 SE2d 300) (1998). Accordingly, the trial court did not err in granting the State's complaint for forfeiture simply because the hearing was not within the mandatory time period required by the statute.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1998 — 

*Michael J. Trost*, for appellant.

*Benjamin F. Smith, Jr., District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

---

statute, the time begins to run "after service of the complaint" pursuant to OCGA § 9-11-4 (a), (b), (c), and (d). OCGA § 16-13-49 (o) (2) (A). See also, e.g., *Ewing v. Johnston*, 175 Ga. App. 760, 761 (334 SE2d 703) (1985). "Time would appear to begin to run from date of actual service upon a defendant, and not from filing of the return." Id. at 762 (1) (a).

[3] Both parties would do well to remember that 60 days from the service of the complaint generally does *not* exclude weekends. See OCGA § 1-3-1 (d) (3).