A99A1764. BLANKS v. STATE OF GEORGIA.
(522 SE2d 770)

BLACKBURN, Presiding Judge.
In this civil forfeiture action, Caritha Blanks appeals the trial court's order which forfeited her interest in her vehicle to the State

pursuant to OCGA § 16-13-49. Blanks contends that the trial court erred (1) by denying her motion to dismiss the forfeiture action because the hearing was untimely and (2) by granting the forfeiture because the search of the vehicle violated her Fourth Amendment rights. As we find that the hearing on the forfeiture action was untimely, we reverse.

On May 31, 1998, Trooper B. L. Mims of the Georgia State Patrol stopped Blanks' 1994 Acura because the car had an invalid tag. Blanks was a passenger in the car. The driver, Carlos Richardson, did not have a valid driver's license. Shortly after Trooper Jim Brown arrived as backup to Mims, both men observed marijuana and marijuana seeds in the car. Then, Trooper Daniel Fagan arrived and also noticed marijuana and marijuana seeds in the car. Blanks gave consent for Fagan to search the car, but revoked that consent at the direction of Richardson when Fagan began to search the trunk of the car. Richardson was charged with DUI, giving a false name, and driving without a license. Blanks was charged with permitting an unlicensed person to drive her vehicle, and her car was impounded.

At the impoundment lot, a dog trained to detect narcotics indicated the presence of controlled substances at different places in the car. A search of the car found 68 baggies behind the headlight containing a total of 16.1 grams of cocaine, another 26.9 grams of cocaine (74 percent purity) and 32.4 grams of cocaine (85 percent purity) elsewhere in the car.

On June 28, 1998, the State brought an in rem forfeiture action seeking to condemn the car pursuant to OCGA § 16-13-49. Blanks answered the complaint on July 29, 1998. A hearing on the forfeiture action was scheduled for August 8, 1998; however, the State received a continuance on August 6 because the crime lab had not finished testing the drugs. The hearing was re-scheduled for September 11, 1998, but was continued on September 10 due to the unavailability of a State witness. The hearing was not re-scheduled.

On October 19, 1998, Blanks filed a motion to dismiss the forfeiture action citing the State's failure to hold a hearing within 60 days as required by OCGA § 16-13-49 (o) (5). On December 18, 1998, the trial court ordered the State to hold the hearing before January 29, 1999, or the motion to dismiss the action would be granted. The forfeiture action was heard on January 27, 1999, and the trial court granted forfeiture of the car.

1. Blanks contends the trial court erred by failing to dismiss the forfeiture action, arguing that the hearing was not timely. We agree. Pursuant to OCGA § 16-13-49 (o) (5), a hearing is mandatory within the 60-day period after service of the complaint, unless "continued for good cause." See *State v. Henderson*, 263 Ga. 508 (436 SE2d 209) (1993). A hearing on the forfeiture action originally was timely sched-

uled. The hearing was continued at the request of the State because the crime lab reports were not finished. Finding good cause, the trial court granted the continuance. The hearing was re-set to a date after the 60-day period, but the State received a second continuance for good cause, the unavailability of a witness.

"A motion for a continuance of the [forfeiture] hearing is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused." (Punctuation omitted.) *State of Ga. v. Gonzales*, 213 Ga. App. 661, 662 (445 SE2d 808) (1994). Both times, the State showed good cause as to why the hearing should be continued, and the trial court did not abuse its discretion by continuing the hearing twice.

Nonetheless, the trial court erred by failing to dismiss the forfeiture action since the State failed either to ensure that the hearing was re-scheduled timely or to seek another continuance after the second continuance. In interpreting the statute, we look to the intent of the legislature and give effect to that intent. The legislature intended OCGA § 16-13-49 to ensure the prompt disposition of property subject to forfeiture under the statute. *State of Ga. v. Jackson*, 197 Ga. App. 619, 621 (1) (399 SE2d 88) (1990). Our Supreme Court has held that

> the plain meaning of "must" is a command, synonymous with "shall." A mandatory construction of "must" as used in OCGA § 16-13-49 (o) (5) is consistent in context with the remainder of this paragraph which provides that the 60-day requirement may be "continued for good cause." If the 60-day requirement were directory, rather than mandatory, there would be no need for a "good cause" continuance. Moreover, our construction of OCGA § 16-13-49 (o) (5) as mandatory, rather than directory, is consistent with the apparent purpose of that paragraph, which is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights.

(Citations and footnote omitted.) *State v. Henderson*, supra at 510-511.

In the present case, the forfeiture hearing was not timely re-scheduled after the second continuance. The motion to dismiss was filed nearly six weeks after the second continuance at which time a hearing still had not been scheduled. Furthermore, the hearing on the forfeiture action was not conducted until six months after the sixty-day period had expired and over four months after the second continuance.

The 60-day period is a statutorily prescribed time limit within which the State must either conduct a hearing or seek a continuance. After the second continuance, the State did neither for four months, an unreasonably long time given these clear time constraints. Today we need not decide what period of time constitutes a reasonable delay after a continuance because, unquestionably, the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted.

Here the delay after the second continuance well exceeded 60 days. The State's explanation that the lengthy delay was due to negotiations between the parties is to no avail. A continuance for good cause extends the time period, but negotiations do not. Such a lengthy delay in conducting the hearing renders meaningless the very purpose of the statute — the speedy resolution of contested forfeiture actions.

2. Our holding in Division 1 renders the remaining enumeration of error moot.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 1999 — 

*DeNorris A. Heard*, for appellant.
*William T. McBroom III, District Attorney, Andrew T. Jones, Victoria S. Aronow, Assistant District Attorneys*, for appellee.