A00A1170. STATE OF GEORGIA v. CARTER et al.
(536 SE2d 230)

PHIPPS, Judge.

The State initiated this drug forfeiture proceeding under OCGA § 16-13-49. Named claimants to the seized property included Ricky and Myra Carter. In successive orders, the trial court denied the Carters' motion to dismiss the proceeding, granted the State's peti-

---

tion to condemn certain of the property, and authorized distribution of the property which had been forfeited. Upon being apprised of *Blanks v. State of Ga.*,[1] however, the court later withdrew its earlier orders and dismissed this action because a hearing on the petition had not been conducted in a timely fashion.

The State appeals. In reliance on *State of Ga. v. Miller*,[2] the State argues that no hearing was required because the Carters' answers were not verified under penalty of perjury and, therefore, were not legally sufficient. The State also claims that entry of the order of distribution divested the trial court of jurisdiction. Because these arguments were not raised before the trial court, they have not been preserved for appellate review.[3] Nor do they appear meritorious. We therefore affirm.

OCGA § 16-13-49 (o) (5) provides that the hearing on a condemnation petition "must be held within 60 days after service of the complaint unless continued for good cause." *Blanks* holds that if the hearing is continued for good cause within the statutorily prescribed 60-day time limit, either the matter must be heard or another continuance granted within the next 60 days. The hearing in this case was continued for good cause "until further court order" within the requisite 60-day time frame, but no hearing was held or additional continuance granted within the following 60 days. Therefore, the court correctly dismissed this action under *Blanks*.

Although the other issues raised by the State are not properly before us, we note that in this case, unlike *Miller*, verifications of the answers were sworn to under oath. Therefore, the answers were properly verified.[4] And even though the record reflects that an order of distribution was signed by the trial court, it does not show that there has been a levy of execution of the judgment through distribution and disposal of the property. Entry of the order of distribution did not deprive the trial court of jurisdiction in the case.[5]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

---

[1] 240 Ga. App. 175, 176 (1) (522 SE2d 770) (1999).

[2] 234 Ga. App. 650 (507 SE2d 521) (1998).

[3] See, e.g., *Noro-North Plaza &c. v. Rare Coins of Ga.*, 196 Ga. App. 443 (1) (395 SE2d 918) (1990).

[4] See *Dearing v. State of Ga.*, 243 Ga. App. 198, 201 (1) (532 SE2d 751) (2000) (holding that a false verification by oath constitutes perjury; disapproving *Miller* to the extent that it implies that a verification under OCGA § 16-13-49 (o) (3) must contain mandatory perjury language).

[5] Cf. *Bank South, N.A. v. Roswell Jeep Eagle*, 200 Ga. App. 489, 490 (3) (408 SE2d 503) (1991).

DECIDED JUNE 22, 2000.

*Tambra P. Colston*, District Attorney, *Andrew T. Jones*, *Victoria S. Aronow*, for appellant.

*Smith, Price & Wright*, *Charles G. Price*, *Ann T. Shafer*, for appellees.