A00A1204, A00A1429. RICE v. STATE OF GEORGIA (two cases).

(541 SE2d 58)

BARNES, Judge.

These appeals arise from civil forfeiture actions filed by the State under OCGA § 16-13-49 on March 20, 1998, against the personal and real property of a wife and husband, Janice Kay Rice and Gary Rice. At the request of the appellants, we have consolidated the appeals because they concern the same property and generally raise the same issues.

On March 20, 1998, the State filed an in rem forfeiture action and served both appellants and their son Jason, who is not a party to these appeals. Both Rices filed timely answers to the forfeiture complaints. On April 30, 1998, the State served 136 interrogatories and a notice to produce on the Rices. Then, on May 1, 1998, the State, ex parte, moved for and obtained an order continuing the forfeiture action. The motion was filed at 11:15 a.m. and the order was filed at 11:20 a.m. on May 1, 1998. In its entirety the State's motion stated:

> 1. On March 20, 1998, the State of Georgia filed a Complaint for Forfeiture in the above-styled case.
>
> 2. Claimants Gary Rice, Janice Rice and Jason Rice each filed separate Answers and claims to the defendant property on or about April 20, 1998.
>
> 3. The State has submitted to each Claimant certain requests for discovery including Interrogatories and Requests for Production of Documents. Responses to this Discovery are not due until after the sixty (60) day period expired. The State anticipates that additional discovery will be needed.
>
> WHEREFORE, the State moves this Court for a continuance in the above-styled matter for good cause until such time as all discovery is completed.

That same day, the court granted the motion:

> It appearing to the Court that a hearing on the above-styled matter pursuant to OCGA § 16-13-49 (o) (5) should be held within sixty (60) days of service of the complaint; And it appearing that the State's discovery in this case will extend beyond this sixty (60) day period; THE COURT FINDS the above as good cause and continues the hearing pursuant to OCGA § 16-13-49 (o) (5) until further order of this court.

The record does not reflect that the State gave the Rices any notice of its intention to seek the continuance or that the Court provided any notice to them before granting the continuance.

On June 3, 1998, Gary and Jason Rice moved to dismiss the complaint because no hearing was held within 60 days after service and moved to declare the ex parte order a nullity. At oral argument on June 23, 1998, the trial court allowed Janice Rice to adopt the motions. The trial court first denied the Rices' motions, then vacated that earlier order after Gary Rice moved for reconsideration again asserting that the State failed to hold a hearing, and then ultimately denied the motions.

Subsequently, the trial court ordered the appellants to respond to the State's discovery within 20 days and later entered an order striking appellants' answers and granting judgment for the State for the real and personal property.

In Case No. A00A1204, Janice Rice contends the trial court erred by denying her motion to dismiss because a hearing was not conducted within the time prescribed by statute and by abusing its discretion in granting the ex parte motion for a continuance when good cause was not shown. In Case No. A00A1429, Gary Rice contends the trial court erred by granting the State's ex parte motion for a continuance when good cause was not shown, by not holding a hearing within the time prescribed by law, by granting judgment to the State, and by striking his answer.

### Case No. A00A1429

1. Gary Rice's motions to strike portions of the State's brief and for sanctions are denied.

### Case Nos. A00A1204 & A00A1429.

2. Although we have doubts about the propriety of granting an ex parte motion for a continuance in these circumstances, we need not address that issue because we find that the trial court erred by denying the Rices' motions to dismiss the forfeiture complaints. Even assuming that the grant of the continuance was authorized initially, more than 60 days had elapsed from the date the continuance was granted until the trial court denied the motion for reconsideration on September 14, 1998. In *Blanks v. State of Ga.*, 240 Ga. App. 175 (522 SE2d 770) (1999), we held that "the trial court erred by failing to dismiss the forfeiture action since the State failed either to ensure that the hearing was re-scheduled timely or to seek another continuance after the second continuance." Id. at 177. In this case, the State's failures are more serious because the State never scheduled a hearing in this case before seeking a continuance, the order granting the continuance did not set a date for a hearing, and the State never sought a second continuance.

In interpreting the statute, we look to the intent of the legislature and give effect to that intent. The legislature intended OCGA § 16-13-49 to ensure the prompt disposition of property subject to forfeiture under the statute. *State of Ga. v. Jackson*, 197 Ga. App. 619, 621 (1) (399 SE2d 88) (1990). Our Supreme Court has held that the plain meaning of "must" is a command, synonymous with "shall." A mandatory construction of "must" as used in OCGA § 16-13-49 (o) (5) is consistent in context with the remainder of this paragraph which provides that the 60-day requirement may be "continued for good cause." If the 60-day requirement were directory, rather than mandatory, there would be no need for a "good cause" continuance. Moreover, our construction of OCGA § 16-13-49 (o) (5) as mandatory, rather than directory, is consistent with the apparent purpose of that paragraph, which is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights. . . . The 60-day period is a statutorily prescribed time limit within which the State must either conduct a hearing or seek a continuance. After the [first] continuance, the State did neither for [over six] months, an unreasonably long time given these clear time constraints. Today we need not decide what period of time constitutes a reasonable delay after a continuance because, unquestionably, the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted.

Id. at 177-178. In *State of Ga. v. Carter*, 244 Ga. App. 560, 561 (536 SE2d 230) (2000), we reiterated what we said in *Blanks*:

[I]f the hearing is continued for good cause within the statutorily prescribed 60-day time limit, either the matter must be heard or another continuance granted within the next 60 days. The hearing in this case was continued for good cause "until further court order" within the requisite 60-day time frame, but no hearing was held or additional continuance granted within the following 60 days.

As the same circumstances existed in this case, the trial court erred by denying the motions to dismiss the complaint. *State of Ga. v. Carter*, supra. "Such a lengthy delay in conducting the hearing renders meaningless the very purpose of the statute — the speedy resolution of contested forfeiture actions." *Blanks*, supra at 178.

Accordingly, the judgments of the trial court must be reversed

and the appeals remanded to the trial court with direction to dismiss the State's complaints for forfeiture.

*Judgments reversed with direction. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 17, 2000 — 

*Stephen T. Maples*, for appellant (case no. A00A1204).

*McDonald & Cody, Douglas W. McDonald, Jr.*, for appellant (case no. A00A1429).

*Robert W. Lavender, District Attorney, Thurbert E. Baker, Attorney General, Gary D. Bergman, Thomas W. Hayes, Christopher W. Duncan*, for appellee.