A01A1233. GRIFFIN et al. v. STATE OF GEORGIA.
(550 SE2d 138)

MIKELL, Judge.

In this civil forfeiture action, James Willis Griffin III and James Willis Griffin IV (the "claimants") appeal the trial court's judgment ordering that the seized property at issue, a vehicle and $14,056.30 in U. S. currency, be forfeited to the state. The claimants contend that the court erred in denying their motion to dismiss because the state failed to conduct a timely hearing and because service of process was legally deficient. We agree that the hearing was untimely and reverse the court's judgment.

The property at issue was seized by the Atlanta Police Department on January 7, 2000, when claimant Griffin IV was arrested and charged with three controlled substance offenses.[1] On March 6, 2000, the state filed a complaint for forfeiture of the seized property. After claimant Griffin IV could not be found, the complaint was served by publication on May 24 and 31, 2000. The claimants filed an answer on May 31, 2000.

The first hearing in this case was scheduled for July 14, 2000;

---

[1] The claimants state in their appellate brief that the criminal action was subsequently dead docketed; however, there is no citation to the record. In fact, we note that the claimants have failed to provide record citations to support the majority of their "Statement of Facts," as required by Court of Appeals Rule 27 (a) (1).

however, on July 11, the court granted the state's motion for a continuance due to the unavailability of a key witness. A second hearing was scheduled for August 30, 2000, but the court granted another continuance because the state's witness again was unavailable to testify. The court scheduled a third hearing on November 1, 2000, 63 days after the second continuance was granted on August 30. The claimants filed a motion to dismiss the action based on the state's failure to conduct a hearing within 60 days as required by OCGA § 16-13-49 (o) (5) and *Blanks v. State of Ga.*, 240 Ga. App. 175, 178 (1) (522 SE2d 770) (1999). The court denied the motion, conducted a hearing on November 1, and entered a final judgment of forfeiture on November 14, 2000. This appeal followed.

1. In their first two enumerated errors, the claimants argue that the court should have dismissed the complaint based on the state's failure to conduct a timely hearing. OCGA § 16-13-49 (o) (5) provides that in a civil forfeiture action, when a timely and sufficient answer has been filed, "a hearing must be held within 60 days after service of the complaint unless continued for good cause." See also *State of Ga. v. Carter*, 244 Ga. App. 560, 561 (536 SE2d 230) (2000).

As a preliminary matter, we do not find that the court's grants of the two continuances were abuses of discretion. In fact, we held in *Blanks,* supra at 177, that the unavailability of a witness provided "good cause" for a continuance. Therefore, we reject the claimants' argument that the court continued the hearings in the absence of good cause.

However, it is undisputed that the trial court failed to conduct the subsequent hearing within 60 days of the last continuance. In *State v. Henderson*, 263 Ga. 508, 510-511 (436 SE2d 209) (1993), the Supreme Court held that the 60-day requirement of OCGA § 16-13-49 (o) (5) was mandatory. The Court reasoned that such a mandatory construction "is consistent with the apparent purpose of that paragraph, which is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights." Id. at 511.

In *Blanks,* supra, we relied on *Henderson* to reverse a forfeiture judgment because the hearing was untimely, and we unequivocally held that "the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted." *Blanks,* supra at 178 (1). Likewise, in *Carter*, supra, we affirmed a trial court's dismissal of a forfeiture action because a hearing had not been conducted within 60 days of the continuance.

Similarly, in the case sub judice, a hearing was not held within 60 days of the last continuance, as required by OCGA § 16-13-49 (o) (5) and *Blanks*. The state argues that the claimants somehow waived their right to the speedy resolution of their property rights by not

objecting when the hearing was scheduled on a date outside the mandatory 60-day period. The state relies on *Turner v. State of Ga.*, 234 Ga. App. 878, 879 (508 SE2d 223) (1998); however, that case is distinguishable. Specifically, in *Turner*, the claimant requested the continuance and agreed to schedule the hearing on a date outside the 60-day period. In the present case, the state moved for a continuance on two occasions while the claimants stood ready to litigate their property rights.

Because the hearing was not conducted within the requisite 60-day period, we conclude that the trial court erred in denying the claimants' motion to dismiss. *Henderson* and *Blanks* clearly require the state to adhere strictly to the requirements of OCGA § 16-13-49 (o) (5). Accordingly, the judgment of forfeiture must be reversed.

2. However, we reject the claimants' argument that the court should have granted their motion to dismiss based on deficient service of process under OCGA § 16-13-49 (h) (1), (2), and (3). Essentially, they contend that the state was required to perfect service of the complaint of forfeiture within 60 days of the seizure of the property. We disagree.

OCGA § 16-13-49 (h) provides as follows:

(1) When property is seized pursuant to this article, the sheriff, drug agent, or law enforcement officer seizing the same shall report the fact of seizure, in writing, within 20 days thereof to the district attorney of the judicial circuit having jurisdiction in the county where the seizure was made. (2) Within 60 days from the date of seizure, a complaint for forfeiture shall be initiated as provided for in subsection . . . (o) . . . of this Code section. (3) If the state fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection, the property must be released on the request of an owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence.

It is undisputed that the state filed the complaint for forfeiture within 60 days of the seizure of the property, as required by OCGA § 16-13-49 (h) (2). There is no requirement under the statute that the complaint be served within that 60-day period. In fact, in *Owens v. State of Ga.*, 241 Ga. App. 140 (525 SE2d 150) (1999), we affirmed the entry of default judgment in a forfeiture action when the claimant was served in open court 119 days after the initial seizure. "The record shows that the State commenced the forfeiture proceedings

within 60 days of the seizure. Under OCGA § 16-13-49 (h) (2), the proceedings were timely." Id. at 140 (2). Accordingly, the trial court did not err in denying the claimants' motion to dismiss insofar as it alleged that service was deficient.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JUNE 13, 2001.

*Thomas J. Ford III*, for appellants.
*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Gary S. Hulsey, Assistant District Attorneys*, for appellee.