### A02A0115. MITCHELL v. STATE OF GEORGIA.
(566 SE2d 24)

SMITH, Presiding Judge.

This case arises out of a judgment entered against Dorian Mitchell's property in a civil in rem forfeiture proceeding. Mitchell contends that the trial court erred in denying his motion for an order to return his property. We find otherwise and affirm.

According to the undisputed facts, on October 13, 2000, the claimant, Mitchell, was a passenger in a vehicle stopped by police for allegedly avoiding a roadblock. Mitchell was placed under arrest for a drug violation. Thereafter, at the College Park Police Department, $5,400 was seized from Mitchell's person. After the seizure of his property, Mitchell filed a notice of claim of ownership. On January 12, 2001, more than 60 days after the funds were seized, the Fulton County district attorney filed a complaint for forfeiture against the $5,400 in currency.[1] Invoking the provisions of OCGA § 16-13-49, the State alleged that the currency was contraband found in close proximity to illegal contraband, that it was used or intended to be used to facilitate a violation of the Georgia Controlled Substances Act, and that it represented proceeds derived or realized from a violation of that Act.

When the complaint for forfeiture was filed with the clerk in Fulton County, Mitchell was a resident of Rockdale County and could not be served by the Fulton County Sheriff's Department. The district attorney's office did not immediately arrange for service by second original. See OCGA § 9-10-72. In late February, Mitchell's counsel discovered the forfeiture action by searching through court

---

[19] Id. at 106 (3) (d); *Carr v. State*, 267 Ga. 547, 551 (3) (480 SE2d 583) (1997).

[1] In his answer, Mitchell admitted the trial court's jurisdiction over the property and the action, and he never claimed that OCGA § 16-13-49 (h) (2) was violated.

filings. On February 28, on Mitchell's behalf, his counsel submitted a standardized form entitled "Acknowledgment of Service" for filing "IN THE SUPERIOR COURT OF FULTON COUNTY[,] STATE OF GEORGIA[,] FAMILY DIVISION." Counsel's reason for designating "FAMILY DIVISION" in a civil forfeiture proceeding that had no apparent connection to the "FAMILY DIVISION" is unclear. This notarized document stated: "The undersigned Respondent hereby acknowledges service of the above Petition for Dorian Mitchell, and states that (s)he has received a copy of said Petition, and Respondent hereby waives any and all further notice, service, and issuance of process." The document specified the correct civil action file number. Inserted in the blank next to Petitioner was "STATE OF GEORGIA" and as Respondent was handwritten: "FIVE THOUSAND, FOUR HUNDRED ($5,400.00) Dorian Mitchell, Claimant." It reflected the address and telephone number of Mitchell's attorney. The form, however, was not accompanied by a certificate of service addressed to the assistant district attorney whose name appeared on the complaint, verification, and summons.

On March 15, 2001, Mitchell filed his answer and counterclaim. On March 14, a certificate of service for that answer was mailed to the assistant district attorney assigned to the case. On April 19, Mitchell's father accepted service in Rockdale County at Mitchell's home address. Another entry of service form indicates that the action and summons were also served on Mitchell's counsel on April 25.

At the hearing held on June 13, 2001, Mitchell insisted that he was entitled to the return of his property because the State failed to comply with the 60-day time requirement set by statute for conducting such a hearing. Mitchell claimed that the 60-day period commenced on February 28, the date that he filed the acknowledgment and waiver form with the clerk. The State, however, countered that service could not be waived and that actual service was required. The assistant district attorney informed the trial court that he had not been served with a copy of Mitchell's acknowledgment form. No evidence showed otherwise.

The State argued that the 60-day period began on April 19, the date that service was accomplished by the sheriff through Mitchell's father. Upon inquiry from the trial court, the clerk noted that the acknowledgment form appeared in the computer system but, inexplicably, it did not bear the clerk's stamp. In light of that incongruity, the trial court observed, "I am not saying that you [Mitchell's counsel] didn't file it. I am saying that it was improperly stamped. . . ." Finding that the acknowledgment form could not be accepted as having been properly filed, the trial court denied Mitchell's motion for the return of his property. Thereafter, the trial court applied OCGA

§ 16-13-49 and directed that Mitchell's money be forfeited to the State.

In his sole enumeration of error, Mitchell contends that the trial court erred in denying his motion for the return of his property and in granting judgment to the State.[2] Mitchell argues that the right to waive formal service belonged to him and the State cannot complain that he opted to exercise that right. See *Jones v. Jones*, 209 Ga. 861, 862 (76 SE2d 801) (1953). He asserts that having filed the forfeiture action, the State should have exercised due diligence in tracking its own case. Mitchell further argues that the trial court erred in finding that his acknowledgment of service "had not been filed," since the clerk stated that the document was filed and recorded on the minutes.

In a civil forfeiture action, when a timely and sufficient answer has been filed, "a hearing must be held within 60 days after service of the complaint unless continued for good cause." OCGA § 16-13-49 (o) (5). This 60-day requirement is mandatory. *State v. Henderson*, 263 Ga. 508, 510-511 (436 SE2d 209) (1993).

> If the state fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection, the property must be released on the request of the owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence.

OCGA § 16-13-49 (h) (3). Absent good cause, when the hearing is not conducted within the requisite 60-day period, a judgment of forfeiture must be reversed. *Griffin v. State of Ga.*, 250 Ga. App. 93, 95 (1) (550 SE2d 138) (2001).

Here, the determinative question is whether the 60-day period commenced when Mitchell filed or attempted to file the acknowledgment form to waive service or whether the 60-day period began when Mitchell's father was served with summons and process. For the reasons that follow, we find that it was the latter.

The provisions of the Civil Practice Act apply to forfeiture proceedings unless a specific, expressly prescribed rule set forth in the forfeiture statute conflicts with the CPA. See *Rojas v. State of Ga.*, 269 Ga. 121, 122 (2) (498 SE2d 735) (1998); OCGA § 9-11-81. Under the CPA, service of summons, unless waived, is required to notify a

---

[2] Mitchell does not claim that the State did not sustain its burden of proving that the property was subject to forfeiture. Compare *Jones v. State of Ga.*, 249 Ga. App. 64, 68 (3) (547 SE2d 725) (2001).

defendant of an impending action and his duty to respond within a specified time. *Stamps v. Bank South*, 221 Ga. App. 406, 408 (1) (471 SE2d 323) (1996). In the absence of either proper service of summons or a valid waiver thereof, the trial court lacks personal jurisdiction over the defendant. *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972). However, "[t]he defendant may acknowledge service or waive process by a writing signed by the defendant or someone authorized by him." OCGA § 9-10-73. Moreover, despite the State's contrary claim, a defendant can waive formal service of both the summons and complaint even before the complaint has been filed. *Whitley v. Whitley*, 232 Ga. 866, 867 (1) (209 SE2d 199) (1974).

The statutory provisions governing civil forfeiture proceedings do not expressly preclude or prescribe the use of an acknowledgment form to waive further notice, service, and issuance of process. The CPA, however, requires that,

> [e]xcept as otherwise provided in this chapter, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, *and every written notice*, appearance, demand, offer of judgment, *and similar paper shall be served upon each of the parties.*

(Emphasis supplied.) OCGA § 9-11-5 (a). Applying the provisions of the CPA in the context of a civil forfeiture proceeding, a defendant must serve a copy of any such waiver upon the State or, in the alternative, the State and the defendant can adhere to the waiver procedure set forth in OCGA § 9-11-4 (d) (3).

Here, it is undisputed that the form acknowledging service was not served upon the prosecutor. Nor does the record show that in order to avoid costs the State asked Mitchell to waive service of a summons as authorized by OCGA § 9-11-4 (d) (3). Since the acknowledgment of service filed by Mitchell in the "FAMILY DIVISION" was not served upon the prosecutor, it was ineffective to operate as a waiver of the requisite service. Accordingly, we find that the trial court did not abuse its discretion in finding that the 60-day time period did not commence until April 19, the date that Mitchell's father was properly served with the complaint and summons. See *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999) (sufficiency of service is a factual question to be resolved by the trial court).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED APRIL 30, 2002 —
RECONSIDERATION DENIED MAY 23, 2002 — 

*Timothy T. Herring,* for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney,* for appellee.