### A09A1077. SIMS v. STATE OF GEORGIA.

(683 SE2d 686)

MILLER, Chief Judge.

The trial court below entered a judgment of forfeiture and order of distribution on the State's complaint in rem for forfeiture of property, including a vehicle owned by Jason Theo Sims, pursuant to OCGA § 16-13-49. Sims appeals, arguing that the trial court erred in denying his motion to dismiss the State's complaint on the ground that a hearing was not held within 60 days of service of the complaint, as required by OCGA § 16-13-49 (o) (5). Concluding that the State invoked a hearing within the required time frame and that the hearing was continued for good cause, we affirm.

"[T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal." (Citation and punctuation omitted.) *Sharma v. State*, 294 Ga. App. 783, 784 (670 SE2d 494) (2008).

The record shows that on July 21, 2008, the State filed a complaint pursuant to OCGA § 16-13-49 seeking forfeiture of a Dodge Dakota Quadcab (the "Dodge") and a set of digital scales (collectively, the "Property"). The State alleged that Sims might be an owner of or interest holder in the Property and that the Property was subject to forfeiture to the State in that it

> was directly or indirectly used or intended for use to facilitate a violation of OCGA § 16-13-30 and/or is proceeds derived or realized therefrom and/or was found in close proximity to methamphetamine and/or other property which is subject to forfeiture pursuant to OCGA § 16-13-49 (d).

The complaint concluded with a prayer, inter alia, that the trial court "hold a hearing within sixty (60) days of the service of this complaint as provided by OCGA § 16-13-49 (o) (5)." Sims, who had previously made a claim to the Dodge, was personally served with the summons and complaint on July 24, 2008. Sims filed his response to the complaint on August 22, 2008, asserting that he was the owner of the

Dodge, subject to a security interest held by HSBC Auto Finance,[1] and that the vehicle was not subject to forfeiture.

On August 27, 2008, counsel for the State sent a letter to the trial judge, copying Sims' counsel, enclosing a blank rule nisi, and requesting that the trial court set a hearing on or before September 19, 2008. On September 9, 2008, a rule nisi signed by the trial judge was filed in the trial court clerk's office setting a hearing for October 7, 2008, more than 60 days from the date of service of the complaint. The rule nisi contained a handwritten notation: "Crowded court calendar."

On October 7, 2008, the parties appeared for the scheduled hearing. A senior judge presided over the hearing in place of the trial judge who was assigned to the case and had signed the rule nisi. At the hearing, Sims' counsel made an oral motion to dismiss the complaint on the ground that a hearing was not held within 60 days of service of the complaint, as required by statute. The senior judge declined to rule on the motion and continued the hearing of the case until October 21, 2008 so that the assigned trial judge could rule on the motion to dismiss.

After hearing arguments from the parties at the October 21, 2008 hearing, the trial judge denied Sims' motion to dismiss. In its final judgment, the trial judge acknowledged that the reason for his notation on the rule nisi setting a hearing for October 7, 2008 was that it "did not have any date within the 60-day period to hear this action due to its crowded docket."

Pursuant to OCGA § 16-13-49 (o) (5), if an answer is filed in an in rem forfeiture proceeding, "a hearing *must* be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." (Emphasis supplied.) In *State v. Henderson*, 263 Ga. 508, 510-511 (436 SE2d 209) (1993), the Supreme Court of Georgia held that use of the word "must" in OCGA § 16-13-49 (o) (5) renders the requirement of a hearing within 60 days mandatory, absent a continuance for good cause. See also *Blanks v. State of Ga.*, 240 Ga. App. 175, 176 (1) (522 SE2d 770) (1999) ("Pursuant to OCGA § 16-13-49 (o) (5), a hearing is mandatory within the 60-day period after service of the complaint, unless 'continued for good cause.' ") (citation and punctuation omitted). Our Supreme Court also noted in *Henderson*:

Although a respondent [in a forfeiture proceeding] *may* seek a continuance of a hearing, it is the duty of the state to obtain a continuance if it does not invoke a hearing within

---

[1] The State later stipulated that this security interest was not subject to forfeiture.

the 60-day period or otherwise avoid the necessity of the hearing, e.g., by obtaining a dismissal of an answer. Of course, the trial court may continue the hearing on its own, for good cause, without a motion by either party.

(Emphasis in original.) 263 Ga. at 511, n. 7.

In *Hinton v. State of Ga.*, 224 Ga. App. 49 (479 SE2d 424) (1996), we addressed a situation strikingly similar to the one before us. On appeal from an order of forfeiture of his pickup truck, the appellant argued that the trial court erred in failing to grant his motion to dismiss based on the failure to hold an evidentiary hearing within 60 days of the date he was served with the State's complaint. Id. at 51 (3). The appellant acknowledged that the State had attempted to schedule the hearing 43 days after service. Id. On that date, the trial court signed an order finding good cause for a continuance "due to the Court's crowded docket." (Punctuation omitted.) Id. We agreed that this was "good cause for continuing the hearing." Id.

We do not find any distinction in this case that would lead us to reach a different result here than in *Hinton*. Here, the State invoked a hearing by praying for a hearing within the 60-day statutory period in its complaint. In addition, as in *Hinton*, the State invoked a hearing within 60 days of service of its complaint by forwarding a blank rule nisi to the trial judge and asking that the trial court fix a hearing on or before September 19, 2008. Although the State did not specify the particular date within the 60-day period it wished to proceed with a hearing, we find this to be a distinction without a difference. As its final judgment confirms, the trial court did not, or could not, set a hearing within the 60-day statutory period because of its crowded docket. As in *Hinton*, the trial court's crowded docket constituted good cause for a continuance of the requested hearing.

For the reasons set forth above, we affirm the trial court's judgment of forfeiture and order of distribution.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 18, 2009.

*Dickinson & Willis, David F. Dickinson*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Anthony Lee Hing*, for appellee.