## A09A1984. WILLIAMS v. STATE OF GEORGIA.

### (691 SE2d 385)

ADAMS, Judge.

In this civil forfeiture case, Lucius Williams appeals the State's seizure of $48,310 in cash. Because we find that the State failed to conduct a hearing on the forfeiture complaint in a timely fashion, we reverse.

The complaint in this case was filed December 18, 2007. Williams acknowledged service the next day and filed his verified answer on January 18, 2008. Accordingly, under OCGA § 16-13-49 (o) (5), the hearing in this case should have been held "within 60 days after service of the complaint unless continued for good cause. . . ." This requirement is mandatory unless the matter is properly continued. *State v. Henderson*, 263 Ga. 508, 512-513 (436 SE2d 209) (1993). "Absent good cause, when the hearing is not conducted within the requisite 60-day period, a judgment of forfeiture must be reversed." (Citation omitted.) *Mitchell v. State of Ga.*, 255 Ga. App. 507, 509 (566 SE2d 24) (2002).

The trial court signed the State's rule nisi order on February 5, 2008, setting the hearing for February 11, within the 60-day requirement.[1] On February 11, the district attorney appeared for the scheduled hearing, but Williams' attorney did not. The district attorney stated that he had not been in contact with Williams' attorney, but noted that he had received the rule nisi only one or two business days before the scheduled date and was unaware if Williams' counsel had received her notice. Additionally, he had been notified that morning that Williams was in custody on another charge in another county and thus possibly unavailable for the hearing. The trial court granted the State's request to continue the hearing and the district attorney represented that he would call Williams' attorney to discuss the matter.

The hearing was re-set for April 2, 2008, and Williams filed a motion to dismiss the complaint for failure to meet the 60-day requirement. Although both counsel appeared ready on April 2, that hearing was continued due to the trial court's crowded criminal calendar. The hearing was next scheduled for May 16. Once again, counsel appeared for the hearing, but the trial court's criminal calendar again resulted in a continuance. The forfeiture hearing ultimately was scheduled for July 24, 2008.

At the July 24 hearing, the trial court first considered Williams' motion to dismiss. In support of that motion, Williams' counsel

---

[1] For some reason, however, the order was not filed in the clerk's office until February 13, 2008.

stated that she had never received the rule nisi order setting the hearing for February 11. She noted that the rule nisi order listed an incorrect address for her office,[2] which the district attorney admitted was the fault of his office. And although the district attorney recalled that he had spoken with Williams' attorney on February 11 after the hearing and that she had not objected to a continuance, she denied speaking to him that day or ever agreeing to a continuance. The trial court denied the motion to dismiss finding that the circumstances indicated no intentional effort by the State to avoid the requirements of the forfeiture statute.

Williams argues on appeal that both the forfeiture statute and due process required the State to ensure not only that a hearing was properly scheduled, but also that Williams receive proper notice of the hearing. In the absence of such notice, he asserts that no hearing was properly scheduled within the 60-day period and argues that the trial court erred in granting an ex parte motion for continuance under the circumstances.

But pretermitting whether the original hearing date was properly noticed or whether the trial court properly continued the hearing at that time, we find that the requirements of OCGA § 16-13-49 (o) (5) were not met in this case because the July 24 hearing was conducted more than 60 days after the prior continuance. The July 24, 2008 hearing, in fact, took place 69 days after the last continuance on May 16, 2008. In *Blanks v. State of Ga.*, 240 Ga. App. 175, 178 (1) (522 SE2d 770) (1999), this Court reversed a forfeiture judgment due to an untimely hearing and "unequivocally held that 'the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted.' [Cit.]" *Griffin v. State of Ga.*, 250 Ga. App. 93, 94 (550 SE2d 138) (2001). And in *Griffin v. State of Ga.*, this Court reversed a forfeiture judgment where the hearing was held 63 days after the final continuance because the State failed "to adhere strictly to the requirements of OCGA § 16-13-49 (o) (5)." Id. at 95 (1). See also *State of Ga. v. Carter*, 244 Ga. App. 560, 561 (536 SE2d 230) (2000) (affirming trial court's dismissal of forfeiture complaint because hearing not held within 60 days of final continuance).

Here, Williams appeared ready for the hearing on two occasions, and through no fault of his own, the hearing was continued both times. Although we have found that a crowded docket provides good cause for continuing a forfeiture hearing,[3] the final hearing date was

---

[2] Although the rule nisi properly listed her street address in "Atlanta, Ga. 30331," it incorrectly listed "Lawrenceville, Ga. 30046" under the proper address.

[3] See *Sims v. State of Ga.*, 299 Ga. App. 738, 739 (683 SE2d 686) (2009).

scheduled more than 60 days later. Nothing in the record indicates that Williams consented to re-scheduling the hearing outside the statutory period. Compare *Blanks v. State of Ga.*, 240 Ga. App. at 178 (1) with *Turner v. State of Ga.*, 234 Ga. App. 878, 879 (508 SE2d 223) (1998). Accordingly, we conclude that the much-delayed hearing in this case was held in violation of OCGA § 16-13-49 (o) (5), and we reverse the judgment of forfeiture against Williams.[4]

*Judgment reversed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MARCH 4, 2010.

*Wanda S. Jackson*, for appellant.
*Daniel J. Porter, District Attorney, Keith R. Miles, Assistant District Attorney*, for appellee.

---

[4] Because we reverse the forfeiture on this ground, we need not address Williams' remaining enumerations of error.