**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 14, 2013**

# In the Court of Appeals of Georgia

A12A2100. GOODWIN v. STATE OF GEORGIA.

DILLARD, Judge.

Following a bench trial in this *in rem* civil forfeiture action, Tasha Goodwin forfeited $14,350 to the State on the ground that it was used to facilitate the possession, sale, and distribution of marijuana. Goodwin appeals, arguing that the trial court (1) failed to conduct a hearing within 60 days of the forfeiture complaint being served, as required by OCGA § 16-13-49 (o) (5); and (2) erred in finding that the money was subject to forfeiture based on it being used to facilitate a drug

transaction.[1] Because we conclude that the hearing on the forfeiture action was untimely, we reverse.

Following a traffic stop involving Goodwin's vehicle, the Butts County Sheriff's Office seized $28,700 that it alleged was being used to facilitate the possession, sale, and distribution of marijuana. On August 19, 2011, the State filed, pursuant to OCGA § 16-13-49, a complaint for forfeiture. Service of the complaint was then perfected on Goodwin on August 24, 2011. Goodwin timely answered, averring that (1) she owned fifty percent of the seized money (*i.e.*, $14,350); (2) the

---

[1] Although the notice of appeal also included the name of Goodwin's co-claimant, Oranda Walker, Walker failed to file a brief or enumeration of error. Moreover, Goodwin's brief, which purports to be written on behalf of both Goodwin and Walker but includes argument only as to Goodwin, makes no challenge to the forfeiture of Walker's property. Indeed, the forfeiture of Walker's property was based upon the trial court's determination that Walker's answer was insufficient, and its subsequent grant of the State's motion to strike the answer for that reason. *See* OCGA § 16-13-49 (o) (4) ("If . . . no [timely] answer has been filed, the court shall order the disposition of the seized property . . . ."); *State v. Adams*, 264 Ga. 842, 842 (1) (452 SE2d 117) (1995) ("The 60-day time period [in which to conduct a forfeiture hearing] does not commence to run until the filing of a sufficient answer, as determined by the requirements of OCGA § 16-13-49 (o) (3)." (punctuation omitted)); *McFarley v. State*, 268 Ga. App. 621, 623 (602 SE2d 341) (2004) (the failure to file a sufficient answer is the equivalent of filing no answer at all and results in a forfeiture of the subject property without triggering the hearing requirement set forth in OCGA §16-13-49 (o) (5)); *see also State v. Alford*, 264 Ga. 243, 245 (2) (b) (444 SE2d 76) (1994). Because the trial court's ruling with respect to Walker's answer is neither enumerated as error nor challenged in the appellant brief, Walker's appeal is deemed abandoned and dismissed pursuant to Court of Appeals Rule 23 (a).

money came from lottery winnings, legal settlements, death benefits, tax refunds, and profits derived from operating a beauty salon; and (3) the money was being used in order to hire an attorney to represent her fiancé in a habeas-corpus action pending in Calhoun County. A notice of hearing was issued on September 26, 2011, setting the forfeiture hearing for October 26, 2011—63 days after the service of the complaint on Goodwin. For reasons not contained in the record, the hearing was continued on October 26 and two additional times before eventually being conducted on March 21, 2012. Following the March 21 hearing, the trial court issued an order and judgment forfeiting Goodwin's money to the State. This appeal follows.

1. Goodwin argues that the trial court's judgment of forfeiture must be reversed because the trial court failed to conduct a hearing, or continue the hearing for good cause, within 60 days of the service of the State's forfeiture complaint as required by OCGA § 16-13-49 (o) (5). We agree.

OCGA § 16-13-49 (o) (5) provides that in a civil-forfeiture action, "[i]f an answer is filed, a hearing *must* be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury."[2] The Supreme Court of Georgia has held that this 60-day hearing requirement is

_____

[2] (Emphasis supplied)

3

mandatory, not permissive,[3] reasoning that the requirement "is consistent with the apparent purpose of that paragraph, which is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights."[4] Thus, it is the duty of the State to obtain a continuance if it "does not invoke a hearing within the 60-day period or otherwise avoid the necessity of the hearing, e.g., by obtaining a dismissal of an answer."[5] The result of a failure to conduct a hearing within 60 days, or to obtain a good-cause continuance, is a dismissal of the State's complaint.[6]

---

[3] *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993) (noting that, "the plain meaning of 'must' is a command, synonymous with 'shall'" and "[i]f the [60] day requirement were directory, rather than mandatory, there would be no need for a "good cause" continuance"); *see also* The Compact Oxford English Dictionary 1137 (2d ed. 1991) (defining "must" as, *inter alia*, "a necessity . . . [e]ssential, mandatory, obligatory . . . .").

[4] *Henderson*, 263 Ga. at 511.

[5] *Id.* at 511 n.7. Additionally, the trial court may continue the hearing on its own, for good cause, "without a motion by either party." *Id*. And in the event that a continuance is granted, "the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted." *Blanks v. State*, 240 Ga. App. 175, 177 (1) (522 SE2d 770) (1999).

[6] *See Henderson*, 263 Ga. at 510-11 (reversing judgment of conviction due to 60-day violation and ordering case dismissed); *McDowell v. State*, 290 Ga. App. 538, 540 (2) (660 SE2d 24) (2008) (same); *Griffin v. State*, 250 Ga. App. 93, 94-95 (1) (550 SE2d 138) (2001) (same). The State's argument that the proper remedy for an

In the case *sub judice*, it is undisputed that the initial hearing on the State's forfeiture complaint was not scheduled until *63 days* after Goodwin was served with the complaint, and the State neither moved for, nor did the trial court grant, a continuance within the statutorily imposed 60-day time period.[7] And because the

untimely hearing is the claimant's right to request a return of the property pending further proceedings is misplaced. The State is confusing the remedy for a failure to conduct a timely hearing or obtain a good-cause continuance with the remedy for failing to initiate forfeiture proceedings within 60 days after the date on which the property is seized. The former, as noted *supra*, requires dismissal of the State's complaint. The latter requires a return of the property pending further proceedings. *See* OCGA § 16-13-49 (h) (3) ("If the [S]tate fails to initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture within the time limits specified in paragraphs (1) and (2) of this subsection, the property must be released on the request of an owner or interest holder, pending further proceedings pursuant to this Code section, unless the property is being held as evidence."); *Smith v. State*, 301 Ga. App. 870, 872 (690 SE2d 208) (2010).

[7] There is no evidence that Goodwin consented to a hearing date *outside* of the 60-day deadline. *See Griffin v. State*, 250 Ga. App. 93, 94-95 (1) (550 SE2d 138) (2001) (rejecting the State's argument that the claimants waived their right to a speedy resolution of their property rights by failing to object when the hearing was scheduled on a date outside the mandatory 60-day period). *Compare Turner v. State*, 234 Ga. App. 878, 879 (508 SE2d 223) (1998) (claimant waived the 60-day requirement by seeking a continuance of the forfeiture hearing to a date outside the statutory deadline).

5

mandatory statutory time limitations contained within OCGA § 16-13-49 (o) (5) were not met, we are constrained to reverse the trial court's judgment of forfeiture.[8]

2. Because of our holding in Division 1, we need not address Goodwin's remaining enumeration of error.

*Judgment reversed. Ellington, C. J., and Phipps, P. J., concur.*

.

---

[8] *See Henderson*, 263 Ga. at 510 (dismissing the forfeiture complaint when the hearing was held five months after service of the complaint); *Williams v. State*, 302 Ga. App. 617, 618-19 (691 SE2d 385) (2010) (dismissing forfeiture complaint when hearing took place 69 days after the grant of the last continuance); *McDowell,* 290 Ga. App. at 540 (dismissing forfeiture complaint when no hearing was held until 175 days after claimant's counsel filed a notice of conflict in response to the initial hearing, scheduled within the 60-day window); *Griffin*, 250 Ga. App. at 94-95 (1) (dismissing the forfeiture complaint when hearing was held 63 days after second continuance was granted); *see also Jackson v. State*, 212 Ga. App. 340 (441 SE2d 811) (1994). *Cf. In re Doe*, __ Ga. App. __ (Case No. A13A0963, decided Jan. 18, 2013) (holding that the trial court's order issued in violation of the mandatory statutory deadline was void *ab initio*).