**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 24, 2018**

# In the Court of Appeals of Georgia

A18A0656. ROUNSAVILLE v. STATE OF GEORGIA.

ELLINGTON, Presiding Judge.

Pursuant to a granted application for an interlocutory appeal, Randall Scott Rounsaville contends that the Superior Court of Catoosa County erred in denying his motion to dismiss the State's complaint for forfeiture and in granting the State's motion for a continuance because the State failed to satisfy the statutory mandates for scheduling forfeiture trials. For the following reasons, we agree and reverse the superior court's order.

Because this appeal presents a question of law based on undisputed facts, our review is de novo.[1] The record shows that, on March 2, 2017, the State brought an in

---

[1] See *Buchanan v. State of Georgia*, 319 Ga. App. 525, 526-527 (737 SE2d 321) (2013) ("[W]hen the evidence is uncontroverted and no question regarding the credibility of witnesses was presented below, we conduct a de novo review of the trial court's application of law to the undisputed facts, . . . owe no deference to the trial court's

personam criminal forfeiture action in Catoosa County Superior Court against Rounsaville and a co-defendant, seeking to forfeit approximately $100,000 in cash, six firearms, and other personalty that were seized during a search of Rounsaville's residence.[2] The State alleges that the authorities also found nine pounds of suspected methamphetamine at the residence and that the property sought to be forfeited was located near, and was used to facilitate the distribution of, the methamphetamine. Rounsaville and his co-defendant were arrested and charged with trafficking in methamphetamine.

OCGA § 9-16-13 sets forth the procedure for in personam criminal forfeitures in Georgia. Among other things, the statute provides that, if the defendant files an answer within 30 days after being served with the complaint, then "a bench trial shall be held within 60 days after the last claimant was served with the complaint; provided, however, that such trial may be continued by the court for good cause shown." OCGA § 9-16-13 (f). Rounsaville contends, inter alia, that the State failed

---

conclusions of law[, and] . . . we are free to apply anew the legal principles to the facts.") (citations and punctuation omitted).

[2] The suit was originally brought as a petition for administrative forfeiture, but the State later amended it to indicate that it sought in personam forfeiture under OCGA § 9-16-13.

2

to meet the statutory 60-day deadline for conducting a bench trial and that the court, therefore, erred in denying his motion to dismiss.

Before turning to the chronology of events, we note two factors relevant to this case. First, the superior court is located in the Lookout Mountain Judicial Circuit, in which four judges cover four counties, including Catoosa. Second, due to conflicts of interest with defense counsel's law firm, only one of those judges – Judge Dan Thompson – could hear cases in which Rounsaville's lawyer appeared as counsel. Judge Thompson spends only a few days each month in Catoosa County on bench trial calendars, as is evidenced by email correspondence between his office and counsel.

Against this background, the following occurred. Because the State filed its petition on March 9, 2017, the 60-day period during which a bench trial on the petition could be heard would expire on May 9. On March 30, defense counsel emailed the prosecutor asking that the trial date not be scheduled for April 24 (one of Judge Thompson's few bench calendar days), as counsel had planned to be out of town. The prosecutor noticed the trial for April 24, given that he had his own obligations, but agreed to speak to the judge about a continuance. On April 20, the trial judge held a conference call with defense counsel and the prosecutor. The judge

3

orally agreed to continue the April 24 trial in light of defense counsel's conflict and asked defense counsel to prepare an order to that effect; however, the parties reached no agreement concerning an alternate trial date and the court scheduled none.

On April 23, defense counsel emailed a proposed continuance order to the prosecutor with the understanding that the prosecutor would present it to the judge in court the following day. The order contained a blank space for the date of the rescheduled forfeiture trial. The prosecutor, however, did not present the order to the judge on April 24. Rather, the prosecutor emailed the proposed continuance order to the judge .

On June 1, the prosecutor contacted the judge's assistant, asking when the judge would next be in Catoosa County for bench trial days. The assistant responded that the judge would be available on June 21 and July 5. Thereafter, the prosecutor emailed defense counsel asking if he would be available on July 5. Defense counsel replied in the affirmative, but the prosecutor did not schedule the trial for that day. Instead, on June 5, the judge signed defense counsel's proposed continuance order. In the blank space counsel left open for the trial date, either the judge or the prosecutor wrote "10/11/17." After the written continuance order was finally entered on July 17, the prosecutor emailed defense counsel and told him that the October 11

4

date was the next time Judge Thompson would be in Catoosa County for a non-jury day.

On July 25, defense counsel emailed the prosecutor, objecting to the manner in which the order was entered, since it did not reflect their agreement. Defense counsel moved to vacate the continuance order, presenting email evidence demonstrating that he had not agreed to an October trial date. On July 21, the judge orally vacated the continuance order; however, he did not enter the written order until August 1. On July 31, the court entered a revised order granting Rounsaville's previous request for a continuance due to defense counsel's scheduling conflicts, nunc pro tunc to April 24, but the order did not set a trial date.

On July 28, the State moved for a continuance for good cause, arguing, among other things, that it had not received the results of drug testing on the suspected methamphetamine seized from Rounsaville's residence. On August 1, Rounsaville moved to dismiss the forfeiture complaint for, among other things, the State's failure to meet the statutory 60-day deadline for conducting a bench trial. After an August 2 hearing on these motions, the court entered an order denying Rounsaville's motion to dismiss and granting the State's motion for a continuance. The judge found that counsel for both parties had been "active in rescheduling" the trial and "engaged in

5

trying to find a mutual time to reschedule the case," but that busy schedules had precluded a consensus. The judge further found that there was good cause to continue the trial from the original April 24 date due to defense counsel's scheduling conflict, and "[g]ood cause continues to exist due to this Court's busy docket and the fact that the alleged controlled substances in question have not been tested by a Federal crime lab." Finally, the judge found that Rounsaville had "waived the [statutory] timelines in question or acquiesced to waiving the timelines."

As noted above, OCGA § 9-16-13 (f) requires that a forfeiture trial "shall" be held within 60 days of the date the defendant is served with the complaint, which, in this case, was May 9, 2017. This 60-day requirement is mandatory, not permissive, because the purpose of the statute is to "ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights." *State v. Henderson*, 263 Ga. 508, 511 (436 SE2d 209) (1993) (decided under former OCGA § 16-13-49). The trial court may grant a continuance for good cause, but "even if a continuance is granted for good cause thereby causing the State to miss the original 60-day deadline, the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted." (Punctuation omitted) *McDowell v. State*, 290 Ga. App. 538, 539 (2) (660 SE2d 24)

6

(2008) (decided under former OCGA § 16-13-49 (o) (5)[3]); see also *Williams v. State*, 302 Ga. App. 617, 618 (691 SE2d 385) (2010) (accord). Thus, in this case, the prosecutor was required to reset the trial date or to move for a continuance before the second 60-day period expired on June 23. "The result of a failure to conduct a hearing within 60 days, or to obtain a good-cause continuance, is a dismissal of the State's complaint." *Goodwin v. State*, 321 Ga. App. 548, 549 (1) (739 SE2d 814) (2013) (decided under former OCGA § 16-13-49).

The State argues that Rounsaville waived his right to insist upon the statutory 60-day requirements because he initially requested a continuance. The State knew, however, before it scheduled the trial for April 24, that defense counsel was not available then and had specifically asked that the trial *not* be scheduled that day. Nevertheless, the State noticed the trial for April 24, which prompted Rounsaville's request for a continuance to the next available trial date. Pretermitting whether Rounsaville's request for a continuance acted to waive a trial within the *first* 60-day period, the evidence does not show that he waived a timely trial within the *second* 60-day period because that had yet to begin. See *McDowell v. State*, 290 Ga. App. at

_____

[3] That former Code section similarly provided: "If an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury."

7

539-540 (2) ("notice of a court scheduling conflict is required by court rules and does not, standing alone, amount to a waiver of time requirements").

The State also argued – and the trial judge found – that Rounsaville waived his right to insist upon the statutory scheduling requirements by participating in fruitless discussions to reschedule the trial.[4] The record does not support this finding. Rather, the record shows that the superior court orally granted a continuance on April 21, after which nothing happened for more than a month. In early June, the State asked the judge's assistant for upcoming Catoosa County bench trial dates. The record shows that Judge Thompson was available on May 31, June 7, June 19, and June 21 – all of which would have been within 60 days of the orally-granted continuance. Yet the only date the prosecutor suggested to defense counsel was July 5. Defense counsel confirmed his availability on that day, but the State failed to schedule a trial. Instead, six more weeks passed until the judge finally entered an order setting the trial for October 11 – well outside the second 60-day period and a full six months after Rounsaville was served with the forfeiture complaint. Rounsaville argues that the

---

[4] The State also argued below, and the trial court found, that good cause existed to seek a continuance because the crime lab had not yet tested the suspected methamphetamine. However, the State did not seek a continuance on this basis until July 28 – a month *after* the second 60-day period had already expired and the court was required to dismiss the complaint pursuant to OCGA § 9-16-13 (f).

8

responsibility for rescheduling the forfeiture trial during the second 60-day period falls upon the State. We agree.

The Supreme Court of Georgia articulated the principle that "[f]orfeitures are not favored" and "should be enforced only when within both [the] letter and spirit of the law." (Citations omitted.) *Cisco v. State of Georgia*, 285 Ga. 656, 663 (3) (680 SE2d 831) (2009). Before the State may forfeit a defendant's property, it must comply with rules that afford the requisite procedural safeguards. Id. This burden is on the State, not the defendant. Thus, Rounsaville is correct in asserting that it is not his duty to assist the State in depriving him of his property. The forfeiture statute requires the State to timely initiate a forfeiture action of seized property. See OCGA § 9-16-7.[5] Further, after an in personal forfeiture complaint has been filed, "it is the duty of the State to obtain a continuance if it does not invoke a hearing within the 60-day period." *Goodwin v. State*, 321 Ga. App. at 549 (1). Further, we have held that the trial court errs in refusing to dismiss a forfeiture action when the State fails either to ensure that a bench trial is re-scheduled within the additional 60-day period or to seek

---

[5] OCGA § 9-16-7 (b) provides that "[w]ithin 60 days from the date of seizure, the state attorney shall: (1) Initiate a quasi-judicial forfeiture as provided for in Code Section 9-16-11; or (2) File a complaint for forfeiture as provided for in Code Section 9-16-12 or 9-16-13."

9

another continuance before that period expires. *Blanks v. State of Georgia*, 240 Ga. App. 175, 177 (522 SE2d 770) (1999) (decided under OCGA § 16-13-49 (o) (5)); see also *Rice v. State*, 246 Ga. App. 414, 416 (541 SE2d 58) (2000) (In reversing the lower court and dismissing the complaint, we found that the trial in the case was continued for good cause until further ordered within the statutory 60-day period, but no trial was held or additional continuance granted within the following 60 days. Such a lengthy delay in conducting the trial rendered meaningless the purpose of the statute: a speedy resolution of contested forfeiture actions.) (decided under OCGA § 16-13-49 (o) (5)).

In this case, Rounsaville agreed to a July 5 trial date that was within the second 60-day period. Through no fault of his own, the State set the trial date well outside of that period. Nothing in the record indicates that Rounsaville consented to re-scheduling the trial outside the 60-day period or engaged in any conduct that would have constituted a waiver of these statutory requirements. Consequently, the court's order denying Rounsaville's motion to dismiss and granting the State's motion for a continuance must be reversed. OCGA § 9-16-13 (f). See *Rice v. State*, 246 Ga. App. at 416; *Williams v. State*, 302 Ga. App. at 618-619. (Although a crowded docket may provide good cause for continuing a forfeiture trial, the State nevertheless failed

to schedule a trial date or request a continuance within the second 60-day period following the filing of the complaint. Therefore, the trial court was required to dismiss the complaint.).

*Judgment reversed. Bethel, J. and Senior Appellate Judge Herbert E. Phipps concur.*