## 75175. BARNES et al. v. DESTINY INDUSTRIES, INC.
### (365 SE2d 488)

POPE, Judge.

Plaintiffs Kenneth and Nancy Barnes purchased a mobile home from an entity known as Destiny Homes Factory Outlet in Cobb County. In conjunction with the purchase, they received a written warranty from the company which manufactured the home, Destiny Homes of Moultrie, Georgia. Destiny Homes is apparently the trade name of defendant Destiny Industries, Inc. Because of certain problems they encountered after moving into the home, plaintiffs filed a breach of contract suit in Cobb County against "Destiny Industries, Inc., d/b/a Destiny Homes and/or Destiny Homes Factory Outlet." Defendant filed an affidavit executed by its president attesting that it has never maintained any office or place of business in

Cobb County. Defendant's motion to dismiss for lack of venue was granted and plaintiffs hereby appeal. Plaintiffs' two enumerations of error will be addressed as one.

Although the entity from which plaintiffs purchased their home has a similar name, there is absolutely no evidence in the record to support plaintiffs' mistaken conclusion that Destiny Homes Factory Outlet is a division of Destiny Industries, Inc. In fact, the undisputed affidavit submitted by defendant establishes it maintains no office or place of business in Cobb County. Thus, the facts of this case are distinguishable from cases cited by plaintiffs in which a corporation with its principal place of business in another county nevertheless maintained an "office" in the county in which it was sued by employing the facilities of a separate local business. See *Musgrove v. Kirksey Ford Sales*, 159 Ga. App. 276 (283 SE2d 292) (1981); *Gillis v. Orkin Exterminating Co.*, 155 Ga. App. 804 (272 SE2d 728) (1980). Venue may not be had over a manufacturer simply because a retailer, which is a separate legal entity, sells its product in the county in which suit is brought. See *Barrow v. Gen. Motors Corp.*, 172 Ga. App. 287 (2) (322 SE2d 900) (1984).

Plaintiffs argue the warranty contract issued to them through the Cobb County vendor establishes that defendant conducts business in Cobb County. The warranty shows on its face that it was issued from defendant in Moultrie, Georgia, which is not located in Cobb County. Even if the contract was made in or is to be enforced in Cobb County, venue would be established over defendant only if, in addition to the contract, "it has an office and transacts business" in Cobb County. OCGA § 14-2-63 (c). The undisputed evidence shows defendant does not have an office in Cobb County.

The uncontradicted sworn affidavit of an officer of the corporation stating it maintains no office in the county where suit was filed is sufficient to establish lack of venue. *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (2) (305 SE2d 439) (1983). However, the trial court should have treated the motion to dismiss as a motion to transfer to the appropriate court where venue is proper, pursuant to the Uniform Transfer Rules (251 Ga. 893) (1984) adopted by the Supreme Court. Accordingly, we reverse the grant of the motion to dismiss and remand the action for transfer to the appropriate court where venue is proper. See *Routh v. St. Marys Airport Auth.*, 178 Ga. App. 191 (2) (342 SE2d 502) (1986).

*Judgment reversed and case remanded with direction. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 26, 1988.

*Michael J. Kramer*, for appellants.

C. *Saxby Chambliss*, for appellee.