A99A1025. YEREMIAN v. ELLIS.
(521 SE2d 596)

ELDRIDGE, Judge.

Appellant Zareh Yeremian appeals from a Fulton County Superior Court's order confirming an arbitration award on a claim of breach of contract. We affirm the court's order.

On September 9, 1993, Yeremian, owner of Flawless Creations Jewelry & Custom Designing, entered into a contract with Eugene Ellis, an architect/builder, for construction work on a space that Yeremian had rented at North Point Mall, Fulton County; the contract contained a binding arbitration clause. Apparently, Ellis was not

paid for the work.

On September 2, 1997, pursuant to the terms of the contract, Ellis filed with the American Arbitration Association ("AAA") three copies of the AAA's form "Demand for Arbitration," along with the contract outlining the arbitration agreement and the filing fee; the original demand was served on Yeremian as respondent. On September 15, 1997, Yeremian responded to the demand with a letter to the AAA wherein he disclaimed liability, declined to participate in arbitration because the dispute was four years old, and threatened a counterclaim.

The AAA scheduled an arbitration hearing and sent notice to all parties. A hearing was held on November 17, 1997. Yeremian did not participate. The AAA then afforded Yeremian "an additional opportunity to submit to the Arbitrator in writing through the Association any evidence it wishes the Arbitrator to consider in this matter; or if Respondent desires that another oral hearing be arranged, that the Association be so notified." Yeremian did not respond. An arbitration award was executed, finding in favor of Ellis and awarding him $10,000 plus interest; Yeremian was directed to pay all arbitration costs.

Thereafter, Ellis filed a motion to confirm the award in the Superior Court of Fulton County. At Yeremian's place of business, Flawless Creations in North Point Mall, Yeremian's brother accepted service of the motion on Yeremian's behalf. A confirmation hearing was scheduled for April 23, 1998. Apparently, Yeremian participated. Thereafter, the trial court issued an order confirming the arbitration award. Yeremian appeals the trial court's order confirming the award. *Held*:

1. Yeremian first challenges (a) venue as in Fulton County, and (b) the sufficiency of the service of the confirmation motion.

(a) Under the Georgia Arbitration Code, OCGA § 9-9-1 et seq., "[v]enue for applications to the court shall lie: . . . In the county where any party resides or does business." OCGA § 9-9-4 (b) (3). Since Yeremian's place of business at North Point Mall is in Fulton County, venue was proper therein.

(b) Yeremian failed to raise the affirmative defense of insufficient service in the court below.[1]

---

[1] In his brief before this Court, Yeremian asserts that he raised this affirmative defense in an answer; however, as noted by Yeremian, "the record does not contain Defendant's special answer, for some reason at present unknown to Defendant; Defendant will move to supplement the record[.]" We granted Yeremian's motion to supplement and ordered the Superior Court clerk to transmit a copy of Yeremian's special answer, "if such appears in the records." We are not in receipt of such supplement. "Appellant must show error by the record, not by unsupported assertions in its brief. [Cit.]" *Tattersall Club Corp. v. White*, 232 Ga. App. 307, 309 (501 SE2d 851) (1998).

Under OCGA § 9-11-12 (b) the defenses of insufficient service, lack of personal jurisdiction and improper venue must be raised "before or at the time of pleading." OCGA § 9-11-12 (b). Failure to raise these defenses either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of these defenses. OCGA § 9-11-12 (h)[.] [Cit.]

*Whitley v. Hsu*, 260 Ga. 539 (397 SE2d 694) (1990). See also OCGA § 9-9-4 (c) (3).[2]

2. Yeremian asserts that Ellis failed to serve him with the demand for arbitration pursuant to OCGA § 9-9-6 (c). He contends that all he received was a November 4, 1997 "notice" from the AAA scheduling the arbitration hearing date and, in that regard, directs our attention to the record which contains such notice.

However, the record also contains a letter from Yeremian to the AAA dated September 15, 1997, three weeks prior to the above-referenced "notice," wherein Yeremian declined to arbitrate pursuant to the demand. Further, the record shows that the AAA determined that petitioner Ellis had "met the filing requirements of the rules," which require that the original demand be served upon the respondent. In addition, following the hearing on the motion to confirm, the trial court found as a matter of fact that "Defendant received the demand for arbitration, and acknowledged receipt of the demand for arbitration." In light of the above, we find no merit to Yeremian's bare assertion, unsupported by any evidence, that he was not served with the demand for arbitration.

3. Next, Yeremian asserts Ellis failed to comply with the terms of the contract, which state that the demand for arbitration "shall be made within a reasonable time after the dispute has arisen." He contends that the four-year period between the filing of the demand and the origin of the dispute was unreasonable.

However,

[a]fter service of the demand, or any amendment thereof, the party served must make application within 30 days to the court for a stay of arbitration or he will thereafter be precluded from denying the validity of the agreement or compliance therewith or from asserting limitation of time as a bar in court.

---

[2] Pleadings under the Georgia Arbitration Code "shall be served in the same manner as pleadings subsequent to the original complaint and other papers are served under Chapter 11 of [Title 9, i.e., the Civil Practice Act]." OCGA § 9-9-4 (c) (3).

OCGA § 9-9-6 (d). Accordingly, we agree with the trial court that Yeremian's refusal to participate in arbitration or to file any response thereto waived his contentions regarding the validity of the arbitration clause of the contract or compliance therewith.

4. Yeremian contends that, since he declined to arbitrate, Ellis was *required* to proceed under OCGA § 9-9-6 (a) and thus to file a "motion to compel arbitration." However, "an application to compel arbitration operates merely to stay further proceedings in a pending action when entered by the court in which the action is pending[.]" *Tillman Group v. Keith*, 201 Ga. App. 680, 681 (411 SE2d 794) (1991). Ellis was not in such a procedural posture at the time of his request for arbitration. There is nothing about the statutory scheme of the Georgia Arbitration Code that requires a petitioner to proceed under subsection (a) of OCGA § 9-9-6 simply because the other party declines to participate. Instead, it was proper for Ellis to proceed under subsection (c) of OCGA § 9-9-6, wherein "[a] party may serve upon another party a demand for arbitration."

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 10, 1999 —
RECONSIDERATION DENIED SEPTEMBER 3, 1999

*S. Robert Hahn, Jr.*, for appellant.
*Olim & Loeb, Jay E. Loeb*, for appellee.