## A01A1390. AMAECHI v. AMERICAN HONDA FINANCE CORPORATION.
### (554 SE2d 536)

MILLER, Judge.

Elise Amaechi, acting pro se, appeals a judgment on the pleadings against her. On appeal she contends that service of process was insufficient and that the trial court erred by failing to issue findings of fact and conclusions of law in connection with its rulings. We discern no error and affirm.

On August 24, 1999, American Honda Finance Corporation (AHFC) filed an action to foreclose on a 1988 Honda Civic for which Amaechi had failed to make payments. Amaechi did not raise any issue regarding service in her answer and did not file a motion to dismiss based on insufficiency of service until two months later. AHFC moved for a judgment on the pleadings, which the court granted.

Following the judgment, Amaechi filed with her notice of appeal a motion for findings of fact and conclusions of law with regard to the court's ruling on her motion to dismiss for insufficient service.

1. "Under OCGA § 9-11-12 (b) the defenses of insufficient service, lack of personal jurisdiction and improper venue must be raised before or at the time of pleading. Failure to raise these defenses either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of these defenses."[1] Since Amaechi did not raise her defense of insufficient service until two months after filing her answer, she waived this defense.[2]

2. Amaechi further contends that the trial court erred by failing to issue findings of fact and conclusions of law with respect to her

[1] (Citations and punctuation omitted.) *Yeremian v. Ellis*, 239 Ga. App. 805, 807 (1) (b) (521 SE2d 596) (1999).
[2] See id.

challenge to service of process. However, this enumeration of error is rendered moot by our holding in Division 1 that Amaechi waived any issue with respect to service of process due to her untimeliness in raising the issue.

Even if the issue were properly before us, we see no requirement for the court to make findings of fact and conclusions of law in this case.[3] Moreover, findings of fact and conclusions of law shall be made by the court "upon request of any party made prior to [the court's] ruling,"[4] which was not done here.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 27, 2001 —
RECONSIDERATION DENIED SEPTEMBER 19, 2001 — 

Elise Amaechi, *pro se.*
*Levine & Block, Stephen H. Block,* for appellee.

[3] See *Seabolt v. Edghill*, 192 Ga. App. 715, 716 (1) (386 SE2d 376) (1989).
[4] OCGA § 9-11-52 (a).
[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).
[2] Id.