## A01A1802. FARRELL v. HRC ARMCO, INC.
(560 SE2d 107)

RUFFIN, Judge.

Matthew Farrell sued HRC Armco, Inc. ("HRC") in Whitfield County Superior Court, alleging that the company breached a contract to indemnify him for medical expenses. HRC denied Farrell's allegations and moved to dismiss or transfer the action due to improper venue. The trial court granted HRC's motion and dismissed Farrell's complaint. Farrell appeals, and for reasons that follow, we reverse.

In determining the appropriate venue, we must address Farrell's assertion that HRC was an unauthorized insurer that issued him a surplus line insurance policy. If this contention is true, then OCGA § 33-5-34 (a) establishes venue "in the superior court of the county in which the cause of action arose," which, according to Farrell, is Whitfield County. However, if, as found by the trial court, HRC was not an unauthorized insurer, then venue would be proper in Gwinnett County under the Georgia Business Corporation Code.[1]

In Farrell's complaint, he alleged that he was employed by a company called Roden Electric, Inc., but was told that his actual employer was HRC. Farrell further alleged that the document provided by his employer, which addressed his health care benefits, "came in the name of HRC Armco, Inc." and that HRC agreed to provide him with insurance. Claiming that HRC failed to indemnify him for certain medical expenses, Farrell asserted a cause of action for breach of contract and claimed that HRC was engaged in the unauthorized business of insurance. Farrell maintains that his cause of action arose in Whitfield County because that is where he was provided the medical services and because all the relevant contracts were executed there.

Farrell has not shown, however, that the document HRC allegedly issued was an insurance policy. Indeed, other than summarily stating that the document is an insurance policy, Farrell presents no argument or citation of authority establishing that the document

---

[1] OCGA § 14-2-510.

should be construed as an insurance policy under Georgia law or why we should consider HRC an insurer. In fact, the document appears to be HRC's employee welfare benefits plan established by the company under the Employee Retirement Income Security Act ("ERISA").[2] And, contrary to Farrell's naked assertions, the plan document expressly states that it "is not a policy of insurance" and that HRC is not an insurance company. These statements are consistent with ERISA's declaration that an employer issuing a benefits plan governed by the Act is not an insurance company engaged in the business of insurance for the purposes of state laws regulating insurance companies and insurance contracts.[3] Under these circumstances, we disagree with Farrell's unsupported assertions that HRC was engaged in the unauthorized business of insurance and that venue was, therefore, proper in Whitfield County under OCGA § 33-5-34 (a).

Nevertheless, we agree with Farrell that the trial court erred in dismissing his complaint due to improper venue. It is undisputed that HRC is a Delaware corporation that is registered to do business in Georgia and has a registered agent in Gwinnett County. Thus, under OCGA § 14-2-510 (b) (1), venue was proper in Gwinnett County. Georgia's Constitution requires a court to "transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."[4] Likewise, Uniform Superior Court Rule 19.1 requires a court to treat a motion asserting improper venue as a motion to transfer the action to another court. Here, HRC even stated in its motion that "the case should be transferred" to Gwinnett County, yet the trial court dismissed the action. It was error to do so, and we reverse.[5]

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 11, 2002.

*Blevins & Blevins, David J. Blevins*, for appellant.
*Rickie L. Brown*, for appellee.

---

[2] 29 USC § 1001 et seq.
[3] See 29 USC § 1144 (b) (2) (B).
[4] Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII.
[5] See *McDonald v. MARTA*, 251 Ga. App. 230, 231 (554 SE2d 226) (2001).