## A02A0966. HOPKINS v. BAKER.
(572 SE2d 716)

PHIPPS, Judge.

Mildred Hopkins appeals an interlocutory injunction entered against her, challenging venue, among other things. Because venue was not proper, we reverse the court's judgment and remand the case for transfer to the proper county. As Hopkins's remaining contentions are rendered moot, we do not reach them.

Carl Baker sued Hopkins, a resident of Floyd County, in Chattooga County, seeking injunctive relief and damages. He alleged that Hopkins owned certain land in Chattooga County, upon which she was conducting road construction without adequate barriers, causing silt and debris to leave her land, enter the East Fork of the Little River, and flow onto his property. He further claimed that Hopkins was violating provisions of the Erosion and Sedimentation Act of 1975.[1] Baker also complained that Hopkins was maintaining on her land gas cans, barrels, and other items, some of which he believed contained hazardous materials.

In her answer, Hopkins admitted that she owned the subject land. However, she asserted that venue was improper in Chattooga County and moved to dismiss the case or, in the alternative, to transfer the case to Floyd County. Baker then amended his complaint, adding a count entitled, "Declaratory Judgment Regarding Title to Land." Therein, he stated that although the roads were "apparently being claimed by [Hopkins]," he was uncertain of their ownership. He claimed that he might be required to name additional entities "who may be owners" of the land and thus prayed that the court declare

---

[1] See OCGA § 12-7-1 et seq.

the property rights to the roads and, thereafter, allow him to amend his complaint to add any additional defendants.

After a hearing, the court denied the motion to dismiss or transfer the case. It granted Baker an interlocutory injunction, enjoining Hopkins from further construction of the roads, from allowing silt and other debris to accumulate on adjacent land or in the East Fork of the Little River, and from maintaining containers of hazardous materials upon her land. The court further ordered Hopkins to comply with certain applicable Georgia statutes.

1. Hopkins contends that venue was improper in Chattooga County, where the land lies, and proper in Floyd County, where she resides. Baker argues otherwise, citing Ga. Const. of 1983, Art. VI, Sec. II, Par. II, which requires cases "respecting titles to land" to be brought in the county where the land lies. He asserts that his suit is such a case because his amendment requested "declaratory judgment from the Court to determine the title to said land in an effort to determine the appropriate Defendants."

But this is not a case respecting title to land as contemplated by the cited constitutional provision. That provision concerns actions at law wherein "the plaintiff asserts a presently enforceable legal title against the possession of the defendant, for the recovery of land or recovery of the land and mesne profits."[2] Although Baker added a count entitled, "Declaratory Judgment Regarding Title To Land," and claimed some uncertainty as to the title holders of the land, he asserts no legal title against Hopkins for the recovery of the subject land. The allegations of the amended complaint demonstrate that this action is one to abate an alleged nuisance. As such, venue is proper in the county where the defendant resides, as required by Ga. Const., Art. VI, Sec. II, Par. III.[3] As there was no basis for finding that Hopkins, the sole defendant, was a resident of Chattooga County, that county is an improper venue for suit against her.[4] Accordingly, we reverse the trial court's judgment and remand the case for transfer to the county of Hopkins's residence, Floyd County.[5]

2. We need not address Hopkins's additional contentions because our holding in Division 1 renders them moot.

---

[2] (Citation and punctuation omitted.) *Hayes v. Howell*, 251 Ga. 580, 581 (1) (308 SE2d 170) (1983); see, e.g., *Grand Lodge of Ga. &c. v. City of Thomasville*, 226 Ga. 4, 5 (1) (172 SE2d 612) (1970); *Shaw v. Crawford*, 207 Ga. 67, 72 (60 SE2d 143) (1950) (where allegations of the petition showed an actual controversy, in which the plaintiff and one of the defendants, under separate chains of title, claimed title to property and the plaintiff sought a declaratory judgment adjudicating title to the property, the case constituted an action respecting title to land).

[3] *Chancey v. Hancock*, 225 Ga. 715, 716 (171 SE2d 302) (1969); *C. W. Matthews Contracting Co. v. Barnett*, 219 Ga. App. 763, 764 (2) (466 SE2d 657) (1996).

[4] See *Almaroad v. Giles*, 230 Ga. 473, 474 (2) (197 SE2d 706) (1973).

[5] See *Farrell v. HRC Armco*, 253 Ga. App. 633, 634 (560 SE2d 107) (2002).

16

*Judgment reversed and case remanded with direction. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 15, 2002.

Brinson, Askew, Berry, Seigler, Richardson & Davis, C. King Askew, Mark M. Webb, for appellant.
Farrar & Corbin, Archibald A. Farrar, Jr., for appellee.