A03A0734. MATTOX et al. v. CONDO.
(583 SE2d 193)

PHIPPS, Judge.

While driving a truck for his employer, D H Supply Company, Carlos Mattox ran a red light and struck a car driven by Wendy Condo. Condo sued Mattox and D H Supply in the State Court of Fulton County, seeking to enforce a settlement agreement she had reached with an independent insurance claims adjustor. Defendants moved to dismiss or transfer the case based on improper venue. The trial court entered final judgment for Condo, implicitly denying defendants' motion. On appeal, defendants argue that the undisputed evidence of record shows that venue was not proper in Fulton County. We agree, and we therefore reverse and remand for transfer to the appropriate court.

Venue in civil cases generally lies in the county where the defendant resides.[1] In a breach of contract action against a corporation, venue is proper in the county "where the contract to be enforced was made or is to be performed, if the corporation has an office and transacts business in that county."[2]

Condo's complaint alleged that Mattox was a resident of Gwinnett County and that D H Supply's registered agent for service was in Gwinnett County. The complaint further alleged that "venue in Gwinnett County is proper." In defendants' answers, Mattox admitted residing in Gwinnett County and D H Supply admitted that its registered agent could be served there. Both defendants raised the defense of improper venue. With their motion to dismiss or transfer, defendants included a sworn affidavit from D H Supply's president and chief operating officer, who averred that D H Supply is located in Gwinnett County and does not have an office in Fulton County. Thus, the evidence in the record shows without contradiction that Mattox

[1] Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.
[2] OCGA § 14-2-510 (b) (2).

lives in Gwinnett County and that D H Supply has its registered agent and an office there and has no office in Fulton County. Accordingly, venue was not proper in Fulton County, and the trial court erred by denying defendants' motion.[3]

Condo argues that the trial court's venue ruling must be affirmed if there is any evidence to support it.[4] She points out that the trial court held a motion hearing, and she claims that because defendants failed to have that hearing transcribed, we must presume that evidence was presented there to support the court's venue ruling.

We agree that an "any evidence" standard of review would apply to factual findings by the trial court, but the record contains no such findings. Although the court issued a written order stating that it "has jurisdiction over the terms of the contract," that order did not directly mention venue, and it neither included factual findings nor referred to any evidence concerning venue. Defendants assert that the motion hearing was not evidentiary in nature, and nothing in the record shows otherwise. The court's order directing the parties to appear for the hearing referred to it as a "Motion Hearing, regarding Plaintiff's Motion to Enforce Settlement." The order said nothing about the presentation of evidence or, for that matter, about defendants' motion to dismiss or transfer for improper venue. While Condo asks us to speculate that she presented evidence at the hearing supporting a conclusion that venue was proper in Fulton County, she does not deny the essential facts — that Mattox lives in Gwinnett County and D H Supply's office is there. On the contrary, she pled those facts in her complaint.

We therefore reverse the trial court's judgment and remand the case for transfer to the appropriate county.[5] In light of this ruling, we need not address defendants' second claim of error.

*Judgment reversed and case remanded with direction. Ellington, J., concurs. Blackburn, P. J., concurs specially and concurs in the judgment only.*

BLACKBURN, Presiding Judge, concurring specially.

I concur in the judgment only in this case, and I write separately to point out a number of problems raised but not answered by the parties and the trial court.

The record shows that, while D H Supply Company appropri-

---

[3] See *Barnes v. Destiny Indus.*, 185 Ga. App. 630, 631 (365 SE2d 488) (1988) (venue in breach of contract action against corporation was not proper in county where corporation had no office, even if contract had been made there).

[4] See *McLendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (2) (418 SE2d 130) (1992).

[5] See *Barnes*, supra; *Hopkins v. Baker*, 258 Ga. App. 14, 15 (1) (572 SE2d 716) (2002).

ately raised the affirmative defense of venue in its initial pleading, Carlos Mattox, acting pro se, did not do so, opting instead to generally deny all of Wendy Condo's allegations. As such, it would appear that Mattox waived his venue defense. See *Orkin Exterminating Co. v. Morrison*[6] (general denial does not raise venue defense).

It does not appear from the record, however, that the parties considered this fact. To the contrary, the defendants argued that venue was proper in Fulton County because the settlement agreement was "negotiated in Fulton County by Defendants' agent Crawford & Company (a Fulton County resident), prepared by Defendants' agent in Fulton County, and finalized within Fulton County." The mere fact that Crawford & Company was in Fulton County did not create venue there. See *Barnes v. Destiny Indus.*[7]

Absent a transcript of the hearing, we cannot determine whether or not the trial court considered Mattox's waiver of his venue defense. The trial court's order indicates that it had "jurisdiction over the terms of the contract," a conclusion most likely based on the defendants' argument regarding the situs of the contract. Moreover, the trial court's order imposes liability solely upon D H Supply and not upon Mattox. This raises concerns whether Crawford & Company was also representing Mattox, as the underlying tort action was based on the doctrine of respondeat superior.

Although defendants have argued that, in the absence of the transcript of the motion hearing, we must affirm, a review of the transcript is not necessary under the peculiar facts of this case. The record makes it clear that the venue issues raised in this special concurrence were not placed before or ruled upon by the trial court. As such, the order of the trial court should be vacated, as it had no jurisdiction based on improper venue. Upon the transfer of the case, the appropriate trial court can consider the issues raised in this special concurrence.

DECIDED JUNE 5, 2003.

*Mabry & McClelland, James T. Budd, Brian W. Sprinkle,* for appellants.

*Allen & Associates, Arthur L. Myers, Jr., Peter A. Law, Davis K. Loftin,* for appellee.

---

[6] *Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 781 (3) (371 SE2d 407) (1988).
[7] *Barnes v. Destiny Indus.*, 185 Ga. App. 630, 631 (365 SE2d 488) (1988).