A03A2212. FIRST SELECT, INC. v. DOTSON.
(595 SE2d 331)

ADAMS, Judge.

The issue in this case is whether Mark Dotson waived venue in a civil action.

On June 1, 2000, First Select, Inc. filed a complaint in the State Court of Gwinnett County. In paragraph 2 of the complaint First Select alleged, "Defendant is a resident of this county and is subject to the jurisdiction and venue of this Court." On June 7, 2000, Gwinnett County Deputy Sheriff M. G. Moor personally served defendant Mark Dotson with process in Gwinnett County. On June 22, 2000, Dotson filed his answer. In paragraph 2, Dotson replied, "The Defendant admits the allegations contained in paragraph 2 of the Plaintiff's complaint." Dotson did not assert a defense of improper venue or lack of personal jurisdiction.

On August 23, 2000, First Select moved for summary judgment. On October 5, 2000, the trial court granted summary judgment in favor of First Select. On March 24, 2003, Dotson moved to set aside the judgment on the ground that the judgment was void because the

Gwinnett State Court lacked personal jurisdiction over him. The trial court granted the motion and transferred the case to DeKalb County "where proper jurisdiction is located." This Court granted First Select's application for interlocutory review.

"Under OCGA § 9-11-12 (b) the defenses of insufficient service, lack of personal jurisdiction and improper venue must be raised before or at the time of pleading. Failure to raise these defenses either in the answer or by motion filed before or simultaneously with the answer constitutes a waiver of these defenses." (Citations and punctuation omitted.) *Yeremian v. Ellis*, 239 Ga. App. 805, 807 (1) (b) (521 SE2d 596) (1999). See, e.g., *Amaechi v. American Honda Finance Corp.*, 251 Ga. App. 591 (1) (554 SE2d 536) (2001); *Maalouf v. Knight*, 237 Ga. App. 509, 510 (515 SE2d 650) (1999).

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 17, 2004.

*Stokes, Lazarus & Carmichael, Marion B. Stokes, Thomas V. Keough*, for appellant.
*Sanford J. Asman*, for appellee.