A06A1274. COLONY BANK WORTH v. CATERPILLAR
FINANCIAL SERVICES CORPORATION.
(636 SE2d 119)

PHIPPS, Judge.

Colony Bank Worth appeals an order granting summary judgment against it in favor of Caterpillar Financial Services Corporation (CAT Financial), contending, among other things, that the trial court lacked personal jurisdiction over it because of improper venue. We agree and vacate the order. Colony Bank's remaining contentions are therefore moot, and we remand the case for proceedings not inconsistent with this opinion.

McMillan Golf Construction, Inc. filed a claim with its insurer that its excavator had been stolen. In connection with the excavator, the construction company was indebted to CAT Financial, which held a security interest in the excavator and was the loss payee on the insurance contract between the construction company and the insurer. In settlement of the claim, the insurer sent a check to Don McMillan in the amount of $59,000, made jointly payable to "Don McMillan, McMillan Golf Const. Co. and Caterpillar Financi." The check was subsequently presented to Colony Bank, with signatures appearing on the back purportedly for "McMillan Golf Group, Inc." and "Caterpillar Financing Service." Colony Bank accepted the check and deposited the funds into the account of McMillan Golf Group, Inc.

Upon learning that the check had been deposited into McMillan Golf Group, Inc.'s account, CAT Financial filed suit in the State Court of Fulton County against Colony Bank and the insurance company, alleging that the signature purportedly on its behalf had been forged and that it had received no payment as the loss payee even though the construction company's indebtedness to it relative to the excavator exceeded $59,000 at the time the check was issued. CAT Financial's

---

[13] See id.

theory of recovery against Colony Bank sounded in tort, including claims of conversion and negligence; its theory of recovery against the insurance company sounded in contract. With respect to jurisdiction, CAT Financial alleged that the insurance company had a registered agent and maintained an office in Fulton County and that Colony Bank was "subject to the jurisdiction and venue of this Court."

Colony Bank denied the jurisdiction and venue allegation pertaining to it in its answer. Contemporaneously with its answer, Colony Bank filed a motion to dismiss or to transfer the action to Worth County, asserting that it maintained its principal office and place of business there and that it maintained no office or place of business in Fulton County. Thereafter, CAT Financial amended its complaint to add a negligence claim against the insurance company and an allegation that the defendants were joint tortfeasors. It then argued in its brief opposing Colony Bank's motion that the bank was subject to the court's jurisdiction as a joint tortfeasor of the insurance company, a resident defendant. Meanwhile, the insurance company filed a motion to be dismissed with prejudice.

After discovery, CAT Financial filed in August 2004 motions for summary judgment against both defendants. The court held a hearing on the motions on January 11, 2005, and, on January 25, filed an order granting the insurance company's motion to dismiss with prejudice and an order denying CAT Financial's motion for summary judgment against the insurance company.[1] On February 15, 2005, the trial court filed an order signed on February 14, granting CAT Financial's motion for summary judgment against Colony Bank,[2] giving rise to this appeal.

We agree with Colony Bank's contention that the trial court lacked jurisdiction to grant CAT Financial's motion for summary judgment against it because venue was improper. Suits against joint tortfeasors "residing in different counties may be tried in either county."[3] Generally, however, "the trial court loses venue as to the nonresident defendant if no judgment is taken against the resident defendant, whether the resident is found not liable or dismissed with prejudice."[4] In the instant case, there is no dispute that the insurance company was the sole resident defendant, that it was dismissed with

---

[1] The date stamps are illegible on these orders contained in the appellate record; however, the parties agree that the orders were filed on this date.

[2] The date stamp is illegible on this order contained in the appellate record; however, the parties agree that the order was filed on this date.

[3] Ga. Const. 1983, Art. VI, Sec. II, Par. IV; see *Fletcher v. Hatcher*, 278 Ga. App. 91, 92 (1) (628 SE2d 169) (2006); *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112, 113 (533 SE2d 97) (2000).

[4] *Fletcher*, supra, quoting *Robinson*, supra; see *Ross v. Battle*, 117 Ga. 877, 880 (45 SE 252) (1903) ("where suit is brought against two defendants, one of whom resides in the county, the

prejudice, that Colony Bank was then the only defendant remaining in the case, and that Colony Bank was a nonresident defendant.

Attempting to preserve its favorable ruling nonetheless, CAT Financial argues that the trial court granted it summary judgment against Colony Bank prior to dismissing with prejudice the insurance company. It points out that the trial court expressly ordered the ruling nunc pro tunc to January 24, 2005,[5] the date immediately preceding entry of the dismissal order. But such use of nunc pro tunc in this case was improper.

> The purpose of entering an order nunc pro tunc is to record some previously unrecorded action actually taken or judgment actually rendered. It may not be used to supply an order not yet made by the court. A nunc pro tunc entry is an entry made now of something actually previously done to have effect of former date; not to supply omitted action, but to supply omission in the record of action really had but omitted through inadvertence or mistake.[6]

Notably, the trial court concluded the January 11 summary judgment hearing by remarking, "All right. Well, thank you gentlemen. I will let you know." CAT Financial cites nothing in the record and we find nothing therein that provides support for its assertion that the trial court "did, in fact, make its determination of Colony Banks' liability for the conversion prior to the entry of the January 25, 2005 order."[7] Because the summary judgment order was not merely recording that which had already been decreed, but either not recorded or misrecorded, the nunc pro tunc notation had no legal effect on the ruling whatsoever.[8] Accordingly, contrary to CAT Financial's argument, the trial court's grant of summary judgment against Colony Bank did not precede the dismissal of the sole resident defendant.

CAT Financial also argues that Colony Bank waived any jurisdictional defense based on improper venue. Such a defense is waived

---

court has no jurisdiction of the non-resident defendant unless the resident codefendant is liable in the action").

[5] The order shows that it was prepared by counsel for CAT Financial. While a court's adoption of an order prepared by counsel is not reversible error, the practice is "greatly disfavored." *Richardson v. Barber*, 241 Ga. App. 254, 255 (1) (527 SE2d 8) (1999).

[6] *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 848 (545 SE2d 31) (2001) (citation and punctuation omitted); see *In the Interest of S. J.*, 270 Ga. App. 598, 611 (1) (d) (607 SE2d 225) (2004).

[7] Appellee's brief "shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary, plus such additional parts of the record or transcript deemed material." Court of Appeals Rule 25 (b) (1).

[8] *In the Interest of S. J.*, supra; see *Andrew L. Parks, Inc.*, supra; *In the Interest of H. L. W.*, 244 Ga. App. 498 (535 SE2d 834) (2000).

if not timely asserted.[9] Failure to raise this defense either in the answer or by motion filed before or simultaneously with the answer constitutes waiver.[10] Even after a timely objection of improper venue has been asserted, a party may waive the defense by his subsequent conduct during the course of litigation.[11]

CAT Financial asserts waiver resulted because Colony Bank's motion to dismiss or transfer the case became moot when the complaint was amended to allege that the bank was a joint tortfeasor of the resident defendant insurance company; because after the trial court dismissed the insurance company, Colony Bank did not reassert its motion; and because Colony Bank failed to raise the venue issue in its enumeration of errors. We find no merit in these assertions of waiver.

While a party may waive the defense of improper venue "by failing to elicit a ruling on the venue issue before entry of judgment,"[12] the record confirms that Colony Bank timely asserted an improper venue defense in its answer *and* elicited a ruling on its venue challenge by its contemporaneously filed motion. Pretermitting whether the trial court might have correctly denied Colony Bank's motion upon CAT Financial's amendment to the complaint, the trial court did not then issue any ruling on the motion. Thus, Colony Bank's motion remained pending. "[A] properly raised defense of improper venue is not waived implicitly by allowing the litigation to proceed over a lengthy period of time."[13] Therefore, the bank was entitled to a ruling on the question of venue before the trial court ruled on the merits of the summary judgment motion against it.[14] Finally, Colony Bank's

---

[9] *First Select v. Dotson*, 265 Ga. App. 639, 640 (595 SE2d 331) (2004); *Orkin Exterminating Co. v. Morrison*, 187 Ga. App. 780, 782 (3) (371 SE2d 407) (1988).

[10] *First Select*, supra; *Orkin Exterminating Co.*, supra.

[11] *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992); *Empire Forest Products v. Gillis*, 184 Ga. App. 542, 543 (1) (362 SE2d 77) (1987).

[12] *AKA Mgmt. v. Branch Banking & Trust Co.*, 275 Ga. App. 615, 618 (1) (b) (621 SE2d 576) (2005) (citation and punctuation omitted).

[13] *Coastal Transport v. Tillery*, 270 Ga. App. 135, 136 (1) (605 SE2d 865) (2004), quoting *Williams*, supra.

[14] See *Williams*, supra (where sole, nonresident defendant properly raised venue defense in his answer and, after lengthy discovery, made oral motion to transfer the case to his resident county at the hearing on plaintiff's motion for summary judgment, defendant was entitled to have the merits of the venue question decided prior to court's decision on the merits of the summary judgment motion, and trial court erred by granting summary judgment prematurely and declaring motion to transfer moot); *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991) (trial court's ruling on the merits of the case against the defendant was premature, where properly preserved and asserted venue and jurisdictional issues had been neither waived by the defendant nor addressed by the trial court); see generally *Mattox v. Condo*, 261 Ga. App. 519 (583 SE2d 193) (2003) (physical precedent only); compare *AKA Mgmt.*, supra at 616 (trial court did not lack jurisdiction to grant summary judgment against nonresident defendants, where their failure to elicit a ruling on the venue issue before entry of the judgment constituted waiver of the venue defense).

appellate brief adequately sets forth an argument challenging venue in support of its first enumerated claim of error that "[t]he trial court erred in issuing its order dated February 14, 2005, and entered of record on February 15, 2005."[15] Accordingly, CAT Financial has failed to cite any conduct by Colony Bank constituting waiver of its properly asserted defense that venue was improper.

*Judgment vacated and case remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 31, 2006.

*Mills & Larkey, Ben B. Mills, Jr.,* for appellant.
*Thompson, O'Brien, Kemp & Nasuti, Paul J. Morochnik, Kevin S. Kovalchik,* for appellee.

