### A07A2406. McDOWELL et al. v. STATE OF GEORGIA.
(660 SE2d 24)

ADAMS, Judge.

Kali McDowell appeals from a final judgment of forfeiture and distribution of certain property confiscated in connection with a drug trafficking investigation. On appeal he contends the trial court should have granted his motion to dismiss the complaint.

On August 14, 2006, the State of Georgia issued a summons and complaint for forfeiture in response to two claims for recovery of confiscated property, one from Ronald Woods and one from McDowell. Woods's property is not at issue in this appeal. The complaint alleged that McDowell sought the return of $13,500 in currency and a 2001 Ford truck. The complaint further alleged that in connection with the drug trafficking investigation, a search warrant had been obtained for the truck; a backpack containing eight ounces of suspected marijuana and the cash was found therein; and the truck and currency were subject to forfeiture pursuant to OCGA § 16-13-49. Detective K. L. Biggs verified that these facts and others within the complaint were "made from my own personal knowledge and[ ] are true and correct to the best of my belief."

On August 21, 2006, McDowell filed an answer to the complaint and alleged ownership of the truck and the currency, which he claimed were unlawfully seized. McDowell deposed Detective Biggs. He then apparently moved to dismiss — no motion is in the record[1] — and later amended the motion on February 12, 2007. On May 18, the

---

[1] Although McDowell has attached the purported motion to his brief on appeal, we cannot consider it. We are limited in our review to matters contained in the appellate record, and a party cannot use his brief as a procedural device to add evidence to the record. "It is an ancient and honored tenet of law that we do not take evidence from the briefs of parties, we do not get evidence from outside the record, and we do not accept assertions of fact or evidence which were not before the trial court." (Citation and punctuation omitted.) *Demetrios v. State,* 246 Ga. App. 506, 510 (3), n. 14 (541 SE2d 83) (2000).

trial court denied the motion. On June 18, the court entered a final order finding that the truck and currency were contraband and would therefore be forfeited.

1. McDowell first contends the court erred by failing to dismiss the State's complaint because it was supported by a false affidavit. He offered portions of Biggs's deposition in which she admitted she did not have personal knowledge of all the facts. As she later clarified, however, her verification was based on her own personal observation of the property seizure as well as other information that she gathered from other officers during the investigation.

The forfeiture statute requires that the State's complaint "shall be verified on oath or affirmation by a duly authorized agent of the state in a manner required by the laws of this state." OCGA § 16-13-49 (o) (1). But "[a] judgment may not be set aside for any defect in the pleadings or the record that is aided by verdict or amendable as a matter of form." OCGA § 9-12-15. And "failure to verify a petition is an amendable defect. [Cit.]" *Harvard v. Walton*, 243 Ga. 860, 861 (1) (257 SE2d 280) (1979). See also *Harper v. Atlanta Milling Co.*, 203 Ga. 608, 610-611 (48 SE2d 89) (1948) (lack of proper verification does not demand dismissal).

In its order, the trial court specifically found the detective to be credible. And at the forfeiture hearing, the court considered other evidence together with testimony from Detective Biggs and other witnesses and determined that the State had proved that the property at issue was subject to forfeiture, a conclusion that has not been challenged on appeal. We find no abuse of discretion in the court's denial of the motion to dismiss on this ground. See *Bracewell v. Cook*, 192 Ga. 678 (2) (16 SE2d 432) (1941) (petition with defective verification might be retained in court where "other satisfactory proofs" are submitted); *BEA Systems v. WebMethods*, 265 Ga. App. 503, 504 (595 SE2d 87) (2004) (same).

2. McDowell next contends that dismissal was warranted because the court failed to hold a hearing within 60 days of the date he filed his answer — August 21, 2006. The hearing was held March 7, 2007. The applicable Code section provides that a hearing must be held within 60 days of *service* of the complaint:

> If an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury.

OCGA § 16-13-49 (o) (5). And the statutory requirement is mandatory. *State of Ga. v. Henderson*, 263 Ga. 508, 510-511 (436 SE2d 209) (1993).

In this case, McDowell filed an answer before service could be effected and waived any defense of insufficient service by failing to raise the defense in his pleading. OCGA § 9-11-12 (b); *Amaechi v. American Honda Finance Corp.*, 251 Ga. App. 591 (1) (554 SE2d 536) (2001). The State argues that, therefore, the 60-day period never began to run. But, "waiver by appearance is in effect a substitute for service, and the time the appearance is made 'is the equivalent of the time service of process is made in a normal case.' [Cit.]" *Keith v. Alexander Underwriters Gen. Agency*, 219 Ga. App. 36, 39 (463 SE2d 732) (1995). Therefore time began to run on the 60-day requirement at the time that McDowell answered.

The State next argues that McDowell was responsible for the delay. See, e.g., *Turner v. State of Ga.*, 234 Ga. App. 878 (508 SE2d 223) (1998) ("[T]he respondent/property owner in a forfeiture action may waive such requirement by seeking a continuance.") (citation omitted). A hearing was scheduled within 60 days of the answer but counsel for McDowell filed a notice of conflict and the hearing was not held. But notice of a court scheduling conflict is required by court rules and does not, standing alone, amount to a waiver of time requirements. Cf. *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001) ("[S]ince the filing of a notice of conflicts is mandatory under the rules, it cannot be evidence that defendant consented to have his case tried at a later term.").

The State did not obtain another rule nisi until January 17, 2007, and the hearing was then scheduled for March 7, 2007. Thus, no hearing was requested for 125 days from the date of the conflict letter, and no hearing was held until approximately 175 days after the conflict letter. This court has held that even if a continuance is granted for good cause thereby causing the State to miss the original 60-day deadline, "the outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted." *Blanks v. State of Ga.*, 240 Ga. App. 175, 178 (1) (522 SE2d 770) (1999). See, e.g., *Griffin v. State of Ga.*, 250 Ga. App. 93, 94 (1) (550 SE2d 138) (2001) (dismissal warranted where court failed to conduct hearing within 60 days of last continuance); *Rice v. State of Ga.*, 246 Ga. App. 414, 415-416 (2) (541 SE2d 58) (2000) (dismissal warranted where no hearing scheduled within 60 days of continuance for good cause).

Finally, the trial court held that dismissal was not warranted because an alternative Code section applied that does not contain the 60-day requirement. Subsection (n) of OCGA § 16-13-49 provides an alternate procedure for cases that involve personal property with a value of $25,000 or less. See *Robinson v. State of Ga.*, 209 Ga. App. 446, 447 (2) (433 SE2d 707) (1993). But that Code section ultimately provides that "the district attorney shall file a complaint for forfeiture

as provided in subsection (o) or (p)," OCGA § 16-13-49 (n) (5), both of which include the 60-day requirement at issue in this case.

The judgment of forfeiture must therefore be reversed.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 7, 2008 —
RECONSIDERATION DENIED MARCH 26, 2008.

*Herbert Shafer*, for appellants.

*Gwendolyn Keyes Fleming, District Attorney, William T. Sakrison, Assistant District Attorney*, for appellee.