**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0092. BOURASSA et al. v. STATE OF GEORGIA.

PHIPPS, Chief Judge.

In this in rem civil forfeiture action, Jason Bourassa, Jeffrey Bourassa, and Cheri Rau challenge judgments of forfeiture.[1] Because no timely hearing on the underlying forfeiture complaint was held, we reverse.

On November 12, 2008, the state filed, pursuant to OCGA § 16-13-49, a complaint of forfeiture. The complaint alleged that certain real and personal property had been seized as having been used, or intended for use, to facilitate an illegal drug trade operation or as having been found in close proximity to unlawful drugs. Jason Bourassa, Jeffrey Bourassa, and Rau answered, each claiming interests in various items seized and denying that the property was subject to forfeiture. More than three

---

[1] See OCGA § 5-6-44 (a) (allowing for joint appeals).

years later, at the forfeiture hearing, the court granted the state's motion to strike the answers of Jason Bourassa and Jeffrey Bourassa and thereupon entered judgments of forfeiture as to them. After a hearing on the merits, the court granted the state's forfeiture complaint as to Rau. This appeal arises from these three individuals' joint notice of appeal.

1. The appellants contend that the trial court should have dismissed the forfeiture action for lack of a timely forfeiture hearing. We agree.

OCGA § 16-13-49 (o) (5) pertinently provides, "If an answer is filed, a hearing *must* be held within 60 days after service of the complaint unless continued for good cause."[2] In *State v. Henderson,*[3] the Supreme Court of Georgia construed "must" as used therein as "mandatory, rather than directory," reasoning that such a requirement was "consistent with the apparent purpose of that paragraph, which is to ensure a speedy resolution of contested forfeiture cases in the courts, as well as a speedy resolution of property rights."[4]

---

[2] (Emphasis supplied.)

[3] 263 Ga. 508, 510-511 (436 SE2d 209) (1993).

[4] Id. at 510-511 (citations omitted).

Here, from December 2008 through September 10, 2010, the court entered a series of consent orders continuing the forfeiture hearing.[5] Then in October 2010, the state filed a motion to stay the proceedings. In its motion, the state claimed that Rau had filed in federal court a civil suit against the prosecutor and case agent involved in the forfeiture action in their individual capacities, alleging that they had acted with malice and prejudice against her and in violation of her civil rights; and that both defendants in that civil suit had filed a dismissal motion. The state urged the court to "find the filing of a Federal action is good cause to stay this proceeding until the Federal Court issues rulings" on the dismissal motions.

Jason Bourassa and Rau filed an objection to any further continuances, raising the issue whether the forfeiture statute allowed for "the postponement of a hearing *ad infinitum*."[6] But on November 4, 2010, the trial court granted the state's motion to stay. In its order, the court found that "the filing of a Federal lawsuit against the prosecutor and case agent, in their individual capacities, has created good cause to

---

[5] Jason Bourassa and Rau point out that they did not consent to the September 10, 2010 order to continue the case; the consent order entered on July 14, 2010 was their last. Those circumstances do not change the ultimate disposition of this appeal, however.

[6] It appears that the trial court scheduled a hearing on the motion to dismiss for a date in December 2011, but the hearing was thereafter removed from the calendar.

stay this proceeding pending the outcome of the Motions to Dismiss in that case"; and thus ordered that the forfeiture case be "stayed until orders are issued in both Motions to Dismiss filed in the Federal Court" and that the forfeiture "case be calendared within sixty days of the issuance of the second of those two orders." Then, in February 2012, Jeffrey Bourassa filed a motion to dismiss the complaint for failure to timely hold a forfeiture hearing, alleging that the federal lawsuit did not constitute "good cause to indefinitely stay the proceeding."

Meanwhile, the court scheduled the forfeiture hearing for a date in March 2012, then reset it for April 30, 2012 – on which date the forfeiture hearing ultimately commenced. And on that morning, the state filed a motion to strike the answers of Jason Bourassa and Jeffrey Bourassa for their alleged ongoing failures to respond to discovery[7] and for the entry of judgments of forfeiture. Notwithstanding, when the parties convened for the hearing, the claimants maintained that the case should be dismissed for lack of a timely forfeiture hearing. With respect to Jason Bourassa and Jeffrey Bourassa, however, the state successfully pursued its motion to strike their answers, thereupon obtaining judgments of forfeiture as to them. The court denied

---

[7] See OCGA § 9-11-37 (setting forth sanctions available to trial court for failure to make discovery).

4

Rau's motion to dismiss for lack of a timely forfeiture hearing, and after a hearing on the merits, granted the state's complaint as to her.

Given the foregoing, we agree with Jason Bourassa, Jeffrey Bourassa, and Rau that the judgments of forfeiture must be reversed. "The 60-day period is a statutorily prescribed time limit within which the State must either conduct a hearing or seek a [good-cause] continuance."[8] The state argues that the trial court was authorized to conclude that the pendency of the civil federal case instituted by Rau was good cause for a continuance. Even if so, this court has repeatedly held: "[T]he outermost limits of a continuance would be another 60-day period before either the matter is heard or another continuance is granted."[9] In this case, after the trial court granted the state's motion to stay,[10] approximately one year passed before either a hearing or another continuance.

Next, citing OCGA § 16-13-49 (w), the state argues that the trial court was authorized to stay the forfeiture case "pending the resolution of a related legal matter" filed by Rau in federal court. That Code provision is unavailing, given its own

---

[8] *Blanks v. State of Ga.*, 240 Ga. App. 175, 178 (1) (522 SE2d 770) (1999).

[9] *McDowell v. State of Ga.*, 290 Ga. App. 538, 540 (2) (660 SE2d 24) (2008) (citations and punctuation omitted); *Blanks*, supra.

[10] We note that, for Jason Bourassa and Rau, the pertinent 60-day period began even before entry of the stay. See further footnote 5, supra, and its accompanying text.

circumscribing language: "For good cause shown, the court may stay civil forfeiture proceedings *during the criminal trial resulting from a related indictment or information alleging a violation of this article*."[11] Had the General Assembly intended for that Code provision to encompass a civil case as the state argues here, it could have so provided; but the language of the provision is plainly not so broad, and we have no authority to interpret it as the state urges.[12] "Forfeiture is a quasi-criminal proceeding that permanently extinguishes a property owner's rights to certain property, and, accordingly, the forfeiture statute must be strictly construed against the State."[13]

Generally, the result of a failure to conduct a hearing within 60 days, without obtaining a good-cause continuance, is dismissal of the state's complaint.[14] That

---

[11] (Emphasis supplied.)

[12] See *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981) (holding that where the statutory language is "plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms").

[13] *State v. Williams*, 278 Ga. 447, 449 (603 SE2d 278) (2004); see *Gen. Motors Acceptance Corp. v. State*, 279 Ga. 328, 331 (613 SE2d 641) (2005) ("[B]ecause forfeiture of property is disfavored, the statutory scheme must be strictly construed and limited.") (citation and punctuation omitted).

[14] See *Henderson*, supra; *Williams v. State*, 302 Ga. App. 617, 618-619 (691 SE2d 385) (2010); *McDowell*, supra; *Rice v. State of Ga.*, 246 Ga. App. 414, 416-417 (2) (541 SE2d 58) (2000); *Blanks*, supra.

6

result is not avoided here, where the approximately one-year stay entitled the claimants to a dismissal of the complaint, yet the state thereafter pursued a motion to strike claimants' answers.[15] Under the circumstances presented here, the judgments of forfeiture entered as to Jason Bourassa, Jeffrey Bourassa and Rau must be reversed.[16] "Such a lengthy delay in conducting the hearing renders meaningless the very purpose of the statute – the speedy resolution of contested forfeiture actions."[17]

2. Our holding in Division 1 renders moot the appellants' remaining contentions.

*Judgments reversed. Ellington, P. J., concurs. Branch, J., concurs in judgment only.*

---

[15] *Rice*, supra at 415-416 (2) (where dismissal was warranted because more than 60 days had passed without either a hearing or a continuance, the trial court erred by granting state's subsequent motion to strike claimants' answers for failure to comply with discovery and thereupon entering judgment of forfeiture for the state with respect to real and personal property).

[16] *Henderson*, supra at 511; *McDowell*, supra; *Rice*, supra at 416-417 (2); *Blanks*, supra.

[17] *Rice*, supra at 416 (2) (citation and punctuation omitted).