**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 19, 2014**

# In the Court of Appeals of Georgia

A14A0180. BULLOCK v. STATE OF GEORGIA.

ANDREWS, Presiding Judge.

The State of Georgia initiated in rem forfeiture proceedings against personal property owned by Keenan Bullock and filed a complaint for forfeiture pursuant to OCGA § 16-13-49 (o).[1] Bullock appeals from the trial court's denial of his motion to dismiss the complaint on the basis that the State failed to hold a hearing within 60 days after service of the complaint as required by OCGA § 16-13-49 (o) (5). For the following reasons, we reverse.

---

[1] The complaint alleged that the property seized by the State – marijuana; United States currency; an automobile; a digital scale; a money counter; and a digital video recorder – was used to facilitate violation of the Georgia Controlled Substances Act. Bullock claims ownership of the currency, the automobile, and the recorder.

Bullock was personally served with the complaint on February 5, 2013, and it is undisputed that he filed a timely answer. Under OCGA § 16-13-49 (o) (5), "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause. . . ." "[I]t is the duty of the state to obtain a continuance if it does not invoke a hearing within the 60-day period." *State v. Henderson*, 263 Ga. 508, 511 n.7 (436 SE2d 209) (1993). "[A] respondent *may* seek a continuance of a hearing . . . [and] [o]f course, the trial court may continue the hearing on its own, for good cause, without a motion by either party." Id.

The record shows that the hearing was initially scheduled for March 28, 2013, within the 60-day period after service of the complaint. With no objection from Bullock, the State obtained a continuance from the initial hearing date because of a serious illness in the prosecutor's immediate family. Bullock does not contest that this continuance was granted to the State by the trial court for good cause. After a good cause continuance was granted from the initial March 28 date, "the outermost limits of a continuance would be another 60-day period [running from March 28] before either the matter is heard or another continuance is granted." *McDowell v. State of Ga.*, 290 Ga. App. 538, 540 (660 SE2d 24) (2008). The hearing was re-scheduled for April 18, 2013 (within 60 days after the March 28 continuance) but with the trial

2

court's understanding that Bullock's counsel might have a conflict that would necessitate a request for a continuance from that date, and that counsel would inform the trial court in advance if the conflict arose. No conflict arose, Bullock did not inform the trial court of any conflict, and the State and Bullock were prepared to appear for a timely hearing on April 18. No hearing occurred on April 18, however, because the trial court (by admitted administrative error) erroneously thought that Bullock's counsel had a conflict, and the court continued the hearing on its own without a motion by either party. The State subsequently obtained another hearing date on June 14, 2013 (within 60 days after the April 18 continuance) on the theory that the trial court's April 18 continuance was for good cause, and therefore a timely hearing could be held during the 60-day period after April 18. Because the trial court was occupied with a jury trial on June 14, the court continued the hearing from that date (acting again on its own without a motion by either party) and rescheduled the hearing for June 21, 2013.

On the June 21, 2013 hearing date, the trial court heard and denied Bullock's motion for dismissal of the forfeiture complaint for failure to comply with the hearing requirements of OCGA § 16-13-49 (o) (5). We find that the trial court erred by denying the motion. On these facts, the trial court's own continuance of the hearing

3

from April 18 was not for good cause. In fact, the trial court conceded in its order denying Bullock's motion that it continued the hearing from April 18 by administrative error. It follows that the last good cause continuance was obtained by the State from the March 28, 2013 hearing date, and that, under OCGA § 16-13-49 (o) (5), the State had a duty to invoke a hearing within the 60-day period after March 28, or rely upon another good cause continuance granted within that 60-day period. A failure to comply with the mandatory requirement for a hearing within the 60-day period set forth in OCGA § 16-13-49 (o) (5) requires dismissal of the forfeiture complaint. *Goodwin v. State of Ga.*, 321 Ga. App. 548, 549 (739 SE2d 814) (2013); *Rice v. State of Ga.*, 246 Ga. App. 414, 416 (541 SE2d 58) (2000). Because there was no hearing or good cause continuance within 60 days after the March 28 good cause continuance, the trial court erred by denying Bullock's motion to dismiss the forfeiture complaint.

*Judgment reversed. McFadden and Ray, JJ., concur.*