# Court of Appeals
# of the State of Georgia

ATLANTA,  November 14, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1638.  ALLI et al. v. ULTRA GROUP OF COMPANIES, INC.**

Appellants Mumtaz Alli ("Alli") and Citgo Food Mart, Inc. ("Citgo" and collectively "Appellants") appeal from the final judgment of the Superior Court of Fulton County confirming an arbitration award (the "Award") entered in arbitration proceedings brought pursuant to OCGA § 50-27-102 and Georgia Lottery Corporation Rule 13.2.10. The subject matter of the arbitration proceedings concerned allegations of breach of contract and failure to pay revenue allegedly owed by Appellants to appellee Ultra Group of Companies, Inc. ("Ultra") under a Location License for the lease of Coin Operated Amusement Machines ("COAMs") that were located in Appellants' convenience store.

During the confirmation proceedings and now on appeal,[1] Appellant Ali contends that the arbitrator lacked personal jurisdiction over her because she was not named as a respondent in the demand for arbitration or served the demand as a respondent, and the demand and service filings show that she participated in the proceedings only as a representative of Citgo. However, Ultra argues the "correct" demand for arbitration shows that Alli was named as a respondent, that this demand was served upon her, the same attorney who represented Citgo made an appearance on Alli's behalf, and that her attorney filed a response and counterclaim specifically on her behalf. Further, Ultra argues that Alli did not raise the issue of personal

---

[1] Appellants seek to vacate the arbitration award under OCGA § 9–9-13 (b) (3) & (5), which provides for vacating an arbitration award based on overstepping or manifest disregard of the law.

jurisdiction at anytime during the arbitration proceedings, although she appeared at the hearing and challenged subject matter jurisdiction.

Appellants filed a reply brief, pointing out that Ultra has failed to include in the record on appeal any evidence that would support its contentions about Alli being included on any arbitration demand filed in these proceedings and being served. Further, Alli continues to insist that she was not listed in any arbitration demands, and that she was never personally served.

Obviously, both set of facts cannot be true – Alli was either listed on an arbitration demand, albeit on one we do not have in the record before us, served with that demand, and represented and participated in the arbitration proceedings as a party, or she was not.

Further, while Ultra's failing to perfect the record might be fatal to its contentions, Alli has also failed to point to anything in the record to show that she preserved these arguments during the arbitration proceedings.[2] See Court of Appeals Rule 25 (a) (1) (requiring "a statement of the method by which each enumeration of error was preserved for consideration").[3] And it is well established that unlike subject matter jurisdiction, challenges to personal jurisdiction, including challenges to service, may be waived. See *Yeremian v. Ellis*, 239 Ga. App. 805, 807 (1) (b) (521 SE2d 596) (1999). However, while failure to raise this issue before the arbitrator might be fatal to Alli's claim and render Ultra's failure to perfect the record irrelevant, the record is not clear on the matter. Appellants also seem to acknowledge in their brief on appeal that this issue was not raised before the arbitrator, urging that

---

[2] Although appellants have included citations to the record immediately following their enumeration of errors, none of these references reveal that the issue of personal jurisdiction was raised before the arbitrator.

[3] As we have remarked on previous occasions, "[o]ur requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and and efficiently comprehended by this Court." *Aldalassi v. Drummond* 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

Alli had no reason to challenge personal jurisdiction until after the arbitrator entered its judgment jointly and severally against her. However, it is apparent from the arbitration hearing transcript and the arbitrator's final order that other jurisdictional issues were raised, the question being whether any challenge was made to personal jurisdictional based on failure to name in the arbitration demand and failure to serve.

This Court is thus faced with the untenable situation of attempting to render a decision in this case based on an incomplete and possibly inaccurate record. Cf. *Yeremian v. Ellis*, 239 Ga. App. at 807 (2) (assertion that appellant not served with arbitration demand unavailing where record clearly shows otherwise). Accordingly, in light of the deficiencies by both parties in presenting their arguments to this Court, the judgment of the superior court is vacated, and the case remanded to give the parties an opportunity to remedy these appellate record deficits by supplementing the record with all the documents in the record before the arbitrator that pertain to the personal jurisdiction issue and preservation of this error for our consideration. Upon completion of the record, the superior court may re-enter its original order or enter a different order as it deems appropriate. Any appeal from that order by either party must be filed within 30 days, at which time any issues raised in the present appeal may be reasserted.[4]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/14/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

[4] Appellants also challenge the award of liquidated damages. Although it appears more clear to us that at least some of the arguments appellants now raise on appeal were also made to the arbitrator about this issue, appellants also have failed to include a statement of how this issue was preserved and, accordingly, are also directed to remedy this deficiency if they pursue an appeal following remand.