A00A0224. IN THE INTEREST OF E. H., a child.
(524 SE2d 2)

ANDREWS, Presiding Judge.

This case is before us on appeal from an order of the juvenile court under the Parental Notification Act, OCGA §§ 15-11-110 through 15-11-118, denying E. H.'s petition to waive the parental notification required before an unemancipated minor may have an abortion. The court found that E. H. would have to notify her parents before having the abortion because she did not consult with her doctor before making this decision and there was no evidence that it would not be in her best interests to inform her parents. We agree and affirm.

For an unemancipated minor to waive the parental notification required by OCGA § 15-11-112 (a) before having an abortion, the juvenile court must determine either that (1) the minor is mature and well informed enough to make this decision in consultation with her doctor and independent of the wishes of her parents, or (2) that notice to the parents would not be in the best interests of the minor. OCGA § 15-11-114 (c).

Here, the juvenile court held a hearing and questioned the 16-year-old minor, the doctor who confirmed the pregnancy, and the doctor who consulted with E. H. at the court's request. Neither of the doctors was E. H.'s physician, and E. H. told the court that she did not have a personal physician at this time. Moreover, E. H. stated that she planned to go to an abortion clinic in Columbus and had not talked to any doctor at the clinic as yet.

The doctor who confirmed the pregnancy said he did not give E. H. any counseling or medical advice because she did not ask for it. Therefore, the only time E. H. discussed her decision with a doctor was during the consultation done at the court's request. As a result, she made the decision without talking to the physician performing the abortion or with a personal physician who had treated her and was familiar with her medical history or current physical condition.

Based on this evidence, the juvenile court correctly found that E. H. had not satisfied the first requirement. She could not show that this was a well-informed decision made after consultation with her doctor. OCGA § 15-11-114 (c) (1).

The juvenile court also correctly determined that waiver of the notification to her parents was not in E. H.'s best interests. The judge asked E. H. why she did not want to tell her parents about the abor-

tion and she answered that she was afraid they would make her stop seeing the father, who was older than she and in the Army. She also said she felt that her parents would want her to have the baby, although she did not know whether they would be against an abortion. Her third reason was that her brother and his girlfriend went through an unplanned pregnancy about a year before and she did not want to put her parents through this again.

After hearing E. H.'s testimony, the juvenile court found that the reason she did not want to tell her parents did not stem from any fear that they would abuse or harm her if they found out about the pregnancy, but rather that she simply did not want to tell them. Accordingly, the trial court correctly determined that E. H. had not shown that it was in her best interests to waive notification to her parents. OCGA § 15-11-114 (c) (2).

The juvenile court's order is thorough and well reasoned and supported by the evidence in the record. The court correctly concluded that E. H. cannot waive the parental notification required by OCGA § 15-11-112 (a) (1).

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 17, 1999.

*Bonnie R. Spears*, for appellant.
*M. Kirby Wood*, for appellee.

