**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 18, 2013**

# In the Court of Appeals of Georgia

A13A0963. IN THE INTEREST OF: JANE DOE.

ELLINGTON, Chief Judge.

In this case, a seventeen-year-old girl petitioned a juvenile court under the Parental Notification Act ("the Act"), OCGA § 15-11-110 et seq., for a waiver of the parental notification required before an unemancipated minor may have an abortion. See OCGA §§ 15-11-112 (b); 15-11-114 (c). The juvenile court held a hearing and thereafter issued an order denying the petition. The appellant filed the instant appeal.[1]

---

[1] Under the Act, the minor is entitled to an expedited appeal "completely preserving the anonymity of the parties" under rules issued by this Court. OCGA § 15-11-114 (e). See also Court of Appeals Rule 45 (b), (d), (e), (j). Hence the minor will be referred to as "the appellant" or "Jane Doe," and this case is styled accordingly. Cf. *In re: Jane Doe*, 262 Ga. 389 (418 SE2d 3) (1992) (using the name "Jane Doe" in a different context involving a terminally ill child).

Because we find that the appellant was entitled to a waiver of the notification requirement for the reasons explained below, we reverse.

Generally, the Act prohibits physicians and other persons from performing abortions upon unemancipated minors under the age of 18 unless (1) the minor is accompanied by a lawful parent or guardian who acknowledges having been notified of the abortion; (2) the physician or the physician's agent gives 24 hours actual notice in person or by telephone to a parent or guardian; or (3) the physician or the physician's agent gives written notice to a parent or guardian by a specified form of certified mail. OCGA § 15-11-112 (a) (1). The minor also must sign a consent form. OCGA § 15-11-112 (a) (2). The minor, however, is authorized to seek a waiver of the notification requirement from any juvenile court in the state. OCGA § 15-11-112 (b). No abortion shall be performed without the required notice or a waiver of that requirement. OCGA § 15-11-112 (c).

Following a hearing, a juvenile court shall waive the notification requirements of OCGA § 15-11-112 (a) (1) if the court finds either

(1) That the unemancipated minor is mature enough and well enough informed to make the abortion decision in consultation with her physician, independently of the wishes of such minor's parent or guardian; or

2

(2) That the notice to a parent or, if the minor is subject to guardianship, the legal guardian pursuant to Code Section 15-11-112 would not be in the best interests of the minor.

OCGA § 15-11-114 (c). See also *In the Interest of E. H.*, 240 Ga. App. 91 (524 SE2d 2) (1999). Finally, OCGA § 15-11-114 (d) provides, in part:

The juvenile court shall render its decision within 24 hours of the conclusion of the hearing and a certified copy of same shall be furnished immediately to the minor. If the juvenile court fails to render its decision within 24 hours after the conclusion of the hearing, then the petition shall be deemed granted.[2]

In this case, the appellant filed her petition on January 2, 2013, and the court conducted a hearing on January 4. On January 7, the court issued an order denying the appellant's petition.

---

[2] See Uniform Juvenile Court Rule 23.6 ("Upon conclusion of the hearing . . ., the court shall issue a written order stating specific factual findings and legal conclusions supporting its decision. . . . The court shall prepare a certified copy of the order which shall be furnished only to the unemancipated minor, her attorney or next friend within 24 hours of the hearing. In the event that no hearing is held or more than 24 hours have elapsed since the time of the hearing and the court has not entered an order, the unemancipated minor may request the Clerk of Court to issue a certificate indicating such."); see also Uniform Juvenile Court Rule 3.8 (providing form JUV-30, the form to be issued when a hearing is held but no decision is rendered within 24 hours).

1. On appeal from the court's order, the appellant challenges the court's order on the merits, asserting that it was not supported by the evidence presented. The appellant also contends the petition should be deemed granted because the court did not render a decision within 24 hours.

It is unnecessary to reach the merits of this case because the record clearly shows that the court failed to comply with the statutory mandate that it render its decision and provide a certified copy of the order to the minor within 24 hours of the conclusion of the hearing, pursuant to OCGA § 15-11-114 (d). Although the January 4, 2013 hearing was conducted on a Friday, the statute includes no provision allowing the court to delay its ruling on the petition beyond 24 hours in order to accommodate an intervening weekend or holiday. The statute does not use vague language to describe the applicable time period, such as "one day" or "by the end of the next business day"; instead, it specifically states "within 24 hours of the conclusion of the hearing." Id.

In contrast, OCGA § 15-11-113 specifically provides, in relevant part, that "[t]he hearing [regarding a notification waiver petition] shall be held within three days of the date of filing [of the petition], *excluding Saturdays, Sundays, and holidays*." (Emphasis supplied.) Thus, with the aid of two well-known and related

4

principles of statutory construction – expressio unius est exclusio alterius (expression of one thing implies exclusion of another) and expressum facit cessare tacitum (if some things are expressly mentioned, the inference is stronger that those not mentioned were intended to be excluded) – we conclude that the General Assembly's failure to specifically state that the juvenile court's 24-hour time period for issuing an order on the petition excluded Saturdays, Sundays, and holidays, demonstrates its intention to provide that the 24-hour time period under OCGA § 15-11-114 (d) shall not be expanded. See, generally, *Hammock v. State*, 277 Ga. 612, 615 (3) (592 SE2d 415) (2004).

Moreover, this conclusion is consistent with the General Assembly's adoption of OCGA § 15-11-114 (b), which specifically provides that "[a]ll court proceedings under this Code section . . . shall be given such precedence over other pending matters as is necessary to ensure that a decision is reached by the court *as expeditiously as is possible* under the circumstances of the case." (Emphasis supplied.) See also OCGA §§ 15-11-113; 15-11-114 (d), (e); Court of Appeals Rule 45; Uniform Juvenile Court Rules 23.4.

Accordingly, because the juvenile court failed to issue its order within the mandatory 24 hour time period, the petition must be deemed granted as a matter of

law. OCGA § 15-11-114 (d). Consequently, the court's subsequent order denying the petition was void ab initio and must be reversed. Upon remittitur, the clerk of the juvenile court shall issue instanter a certified Parental Notification Certificate, pursuant to Uniform Juvenile Court Rule 3.8.

2. We also note that the trial court's final order required the appellant to demonstrate that she was entitled to a waiver under the Act by "clear and convincing" evidence. The Act imposes no such burden of proof. See OCGA § 15-11-114. Although a petitioner must present evidence in support of the grounds asserted in the petition, the statute does not require a quantum of proof greater than a preponderance of the evidence.

> The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication. . . . [I]n any given proceeding, the minimum standard of proof tolerated by the due process requirement reflects not only the weight of the private and public interests affected, but also a societal judgment about how the risk of error should be distributed between the litigants.

(Citations and punctuation omitted.) *Santosky v. Kramer*, 455 U. S. 745, 754-755 (II) (102 SC 1388, 71 LE2d 599) (1982). In this case, there are no opposing litigants in the traditional sense. This is an ex parte procedure by which a juvenile court judge, in the exercise of his or her discretion, addresses statutory requirements that may be resolved by examining the petitioner. The issue before the court is not whether the petitioner should have an abortion or whether her doctors gave her competent advice, and the court is not asked to weigh the societal interests at stake concerning the propriety, legality, or morality of abortions generally. Rather, the issues are much narrower and concern either the petitioner's ability to make a decision to have an abortion independently of her parents or whether it is in the best interest of the petitioner to make that decision without the knowledge of her parents or legal guardians. See OCGA § 15-11-114 (c). Because the juvenile court is not tasked with balancing any broader societal interests, we find no basis for imposing a heightened "clear and convincing" standard of proof. Cf., *In the Interest of D. W.*, 300 Ga. App. 438, 441 (1) (685 SE2d 311) (2009) (In termination of parental rights cases, the high value society places on safeguarding the integrity of the family justifies application of the clear and convincing standard.) Rather, under these circumstances, we conclude that the application of a "preponderance of the evidence" standard is

appropriate and satisfies the relevant concerns. See, e.g., *In the Interest of J. N.*, 302 Ga. App. 631, 636-637 (2) (691 SE2d 396) (2010) (Where a finding of deprivation has led to the loss of a parent's custody, subsequent rulings on that parent's request for custody modification are made pursuant to a preponderance of the evidence standard.).

*Judgment reversed. Phipps, P. J., concurs.  Branch, J., concurs specially.*

A13A0963.  IN THE INTEREST OF: JANE DOE.

BRANCH, Judge, concurring specially.

I concur fully in Division 1 because the juvenile court failed to render its decision within 24 hours of the conclusion of the hearing and, therefore, by the clear language of the statute, the petition "shall be deemed granted."  OCGA § 15-11-114 (d).  I cannot join the majority in Division 2, however, because appellant did not enumerate the juvenile court's application of an improper standard of proof as error. For this reason, I concur in judgment only as to Division 2, which cannot be cited as binding precedent. See Court of Appeals Rule 33 (a).